**2013-1432**

In The

# United States Court Of Appeals For The Federal Circuit

## SPACECO BUSINESS SOLUTIONS, INC.,

*Plaintiff-Appellant,*

v.

## MASS ENGINEERED DESIGN INC., and JERRY MOSCOVITCH,

*Defendants-Appellees.*

**Appeal from the United States District Court for the District of Colorado in case no. 12-CV-2029, Judge R. Brooke Jackson.**

———————————

## BRIEF OF APPELLANT

———————————

Carl A. Hjort, III
SPACECO BUSINESS SOLUTIONS, INC.
13100 East Albrook Drive, Suite 100
Denver, CO 80239
Tel: (303) 350-2204
Fax: (303) 375-6644

*Attorney for Appellant
SpaceCo Business Solutions, Inc.*

## <u>CERTIFICATE OF INTEREST</u>

Pursuant to Federal Circuit Rule 47.4, the undersigned counsel for Plaintiff-Appellant hereby certifies that:

1.    The full names of every party or amicus represented by me is:

**SpaceCo Business Solutions, Inc.**

2.    The names of the real parties in interest (if the party named in the caption is not the real party in interest) represented by me is:

**SpaceCo Business Solutions, Inc.**

3.    All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

**None.**

4.    The names of all law firms and the partners or associates that appeared for any of the parties represented by me in the trial court or are expected to appear in this court are:

**Carl A. Hjort, III**

Date: July 30, 2013               s/ Carl A. Hjort, III
                                  Carl A. Hjort, III
                                  SpaceCo Business Solutions, Inc.
                                  13100 East Albrook Drive, Suite 100
                                  Denver, CO 80239
                                  Tel: (303) 350-2204
                                  Fax: (303) 375-6644

                                  *Attorney for Appellant*
                                     *SpaceCo Business Solutions, Inc.*

i

# TABLE OF CONTENTS

**PAGE**

CERTIFICATE OF INTEREST ...............................................................i

TABLE OF CONTENTS ........................................................... ii

TABLE OF AUTHORITIES ...................................................iv

STATEMENT OF RELATED CASES ....................................vi

JURISDICTIONAL STATEMENT .........................................1

STATEMENT OF ISSUES PRESENTED FOR REVIEW ....................................1

STATEMENT OF THE CASE ................................................2

STATEMENT OF THE FACTS ..............................................3

SUMMARY OF THE ARGUMENT ......................................5

ARGUMENT ..........................................................................8

    I.    The Standard of Review and Applicable Law ......................................8

    II.    Legal Argument ......................................................9

        1.    The District Court Mis-Applied the Law of the Tenth Circuit in Finding that it Lacked Personal Jurisdiction over Mass Engineered and Mr. Moscovitch with Respect to SpaceCo's Tort Claims ................................ 9

        2.    The District Court Failed to Adequately Analyze the Facts Supporting SpaceCo's Abuse of Process Claim Which Show That Personal Jurisdiction is Proper in Colorado over These Defendants ............................ 21

CONCLUSION ......................................................................26

ADDENDUM

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Allred v. Moore & Peterson*,
    117 F.3d 278 (5th Cir. 1997) ...............................................*passim*

*Archangel Diamond Corp. v. Lukoil*,
    123 P.3d 1187 (Colo. 2005).........................................................17

*AST Sports Sci., Inc. v. CLF Distribution Ltd.*,
    514 F.3d 1054 (10th Cir. 2008)................................................. 9

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*,
    223 F.3d 1082 (9th Cir. 2000)...................................................12

*Calder v. Jones*,
    465 U.S. 783 (1984)................................................*passim*

*Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*,
    514 F.3d 1063 (10th Cir. 2008) ..............................................*passim*

*Ecolab, Inc. v. FMC Corp.*,
    569 F.3d 1335 (Fed. Cir. 2009) ...............................................21

*Electronics for Imaging, Inc. v. Coyle*,
    340 F.3d 1344 (Fed. Cir. 2003)........................................ 8

*Far West Capital, Inc. v. Towne*,
    46 F.3d 1071 (10th Cir. 1995) ..................................................18

*Jones v. Brockton Pub. Mkts., Inc.*,
    369 Mass. 387, 340 N.E.2d 484 (1975)......................................25

*Klamath Irrigation Dist. v. U.S.*,
    532 F.3d 1376 (Fed. Cir. 2008).................................................. 26

*MHA Financial Corp. v. Varenko Investments Ltd.*,
    583 F. Supp. 2d 173 (D. Mass. 2008)...................................*passim*

iv

*Pro Axess, Inc. v. Orlux Distribution, Inc.*,
  428 F.3d 1270 (10th Cir. 2005)...........................................................8

*Rusakiewicz v. Lowe*,
  556 F.3d 1095 (10th Cir. 2009)...........................................................9

*Taltech Ltd. v. Esquel Enterprises Ltd.*,
  604 F.3d 1324 (Fed. Cir. 2010) .........................................................21

*TH Agric. & Nutrition, LLC v. Ace European Grp. Ltd.*,
  488 F.3d 1282 (10th Cir. 2007)...........................................................9

*Tomlinson v. H&R Block, Inc.*,
  151 F. App'x 655 (10th Cir. 2005) .....................................................18

*Trask v. Nozisko*,
  134 P.3d 544 (Colo. App. 2006)........................................................24

*Vishay Intertechnology, Inc. v. Delta Int'l Corp.*,
  696 F.2d 1062 (4th Cir. 1982)...........................................................22

*Wallace v. Herron*,
  778 F.2d 391 (7th Cir. 1985)........................................................22, 23

*Wenz v. Memery Crystal*,
  55 F.3d 1503 (10th Cir. 1995) .....................................................18, 19

**Statutes:**

28 U.S.C. § 1295(a)(1)...........................................................................1

28 U.S.C. § 1338(a) ...............................................................................1

28 U.S.C. § 1400(b) ...............................................................................1

28 U.S.C. § 2107 ....................................................................................1

**Rule:**

C.A.R. 21.1 (2013)................................................................................26

## STATEMENT OF RELATED CASES

Counsel for the Appellant is not aware of any pending case that will directly affect or be directly affected by the Court's decision in the present appeal.

## JURISDICTIONAL STATEMENT

SpaceCo brings this Appeal from the United States District Court for the District of Colorado to the United States Court of Appeals for the Federal Circuit, in accordance with 28 U.S.C. § 1295(a)(1).

Jurisdiction is in accordance with and pursuant to 28 U.S.C. § 1338(a) and 1400(b), as this is a case arising under the Patent Laws of the United States. SpaceCo is appealing the order of the United States District Court for the District of Colorado dated April 29, 2013 granting Mass Engineered and Mr. Moscovitch's motion to dismiss for lack of personal jurisdiction. This order is a final order, because it disposes of all parties' claims.

This Appeal has been timely taken within thirty (30) days of the filing of the aforementioned order pursuant to 28 U.S.C. § 2107. The order appealed from was entered on April 29, 2013 and the notice of appeal was filed on May 29, 2013.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

1. Whether the district court misapplied the law of the Tenth Circuit in finding that it lacked personal jurisdiction over Mass Engineered and Mr. Moscovitch with respect to SpaceCo's tort claims.

2. Whether the district court failed to adequately analyze the facts supporting SpaceCo's abuse of process claim, which facts show that personal jurisdiction is proper in Colorado over these defendants.

## STATEMENT OF THE CASE

This case was originally filed in the United States District Court for the District of Colorado on August 2, 2012. The original complaint requested declaratory relief in the form of declarations of non-infringement and invalidity of U.S. Re36,978, which Mass Engineered and Mr. Moscovitch had previously asserted against SpaceCo. On November 30, 2012, SpaceCo filed an amended complaint, which added tort claims for abuse of process and malicious prosecution, arising out of Mass Engineered's and Mr. Moscovitch's actions in their previous litigation against SpaceCo. On January 31, 2013, Mass Engineered and Mr. Moscovitch filed a motion to dismiss SpaceCo's complaint for lack of personal jurisdiction and improper venue. SpaceCo responded to the motion on February 21, 2013, and Mass Engineered and Mr. Moscovitch filed a reply on March 7, 2013. In an order dated April 29, 2013, the district court found that it lacked personal jurisdiction over Mass Engineered and Mr. Moscovitch.[1] A notice of appeal was filed to the Federal Circuit on May 29, 2013.

---

[1] In finding that it lacked personal jurisdiction, the court held that it did not need to reach or decide the venue issue.

## STATEMENT OF THE FACTS

This case arises out of prior litigation between the parties, wherein Mass Engineered and Jerry Moscovitch (hereinafter "Mass") sued SpaceCo for alleged infringement of Mr. Moscovitch's U.S. Patent RE36,978 ("the '978 patent"), which pertains to a dual monitor support.  Mass began its campaign of enforcement of the '978 patent as far back as 2006, when Mass filed suit against a limited number of defendants, including Ergotron, Inc. and Dell Computer for infringement of the '978 patent.  The Dell and Ergotron accused products were essentially copies of the Mass monitor support design.  Mass prevailed in that case against Dell and Ergotron, and the case was subsequently settled without any appeals being taken in early 2009.

Emboldened by their win against Dell and Ergotron, Mass embarked on a course of litigation to assert the '978 patent against many varied products that were demonstrably outside the scope of the '978 patent's claims.  It is SpaceCo's contention that Mass embarked on sham litigation with the hope of leveraging settlement from many different monitor support arm manufacturers for products that unquestionably did not infringe the '978 patent. (JA 57-59).  Thus, on November 12, 2009, Mass Engineered and Jerry Moscovitch filed suit against SpaceCo and twenty-nine (29) other defendants in the United States Court for the Eastern District of Texas, alleging that numerous products manufactured by each defendant infringed the '978 patent. (JA 52).

From November of 2009 to February of 2012, a period of two and one quarter years, no substantive progress on the litigation was made. (JA 231). Most of the defendants had answered the complaint by the end of 2010, but Mass continued to consent to further extensions of time for a small number of defendants to answer, even though the case had been pending for over a year at that point. (JA 232).  Finally, on February 21, 2012, the Texas court denied Mass's consented motion for a defendant's tenth extension of time to answer the complaint. (JA 232).  Shortly thereafter, the Texas court set a scheduling conference for the case, and set a very fast schedule for claim construction, leading to a Markman hearing less than five (5) months after the initial scheduling conference. (JA 232).

The parties entered agreed scheduling orders and exchanged preliminary infringement and invalidity contentions. (JA 232).  It appeared that the case was finally on track for substantive resolution.  Then on July 31, 2012, counsel for Mass informed the defendants that Mass would stipulate to dismissal of the case. The timing of this acquiescence to dismissal coincides with deadlines in the scheduling order for the parties to begin the briefing of the claim construction issues in earnest.  The Markman hearing was scheduled to occur forty-five (45) days later. (JA 232).

Although Mass's acquiescence to dismissal of the case was astonishing at the time, in retrospect, the reasoning for it becomes clear: Mass's strategy of leveraging settlement of its baseless claims had failed.  Of the original thirty (30) defendants sued, only eleven (11) entered into settlements with Mass. (JA 232).  All of these eleven (11) defendants were small companies, with no significant exposure in the case.  The large manufacturers that were named as defendants, the proverbial "deep pockets" in the case, banded together in a joint defense agreement and were vigorously litigating Mass's baseless claims. (JA 232). Knowing that their claims would be exposed as a sham at the Markman hearing and in the Markman ruling, Mass dismissed the case, rather than expend the time and costs necessary to put on the Markman hearing.

Of the nineteen (19) non-settling defendants from the Texas action, only five (5), including SpaceCo, filed their own actions against Mass following the dismissal of the Texas action. (JA 232).  Mass has never commenced suit against any of the remaining fourteen (14) defendants who were dismissed from the Texas action and did not bring their own actions. (JA 232).

## SUMMARY OF THE ARGUMENT

The district court erred in dismissing this case for lack of personal jurisdiction.  Under *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063 (10th Cir. 2008), which is controlling Tenth Circuit precedent in this case, personal

jurisdiction over the Defendant-Appellees is proper.  The facts in *Dudnikov* are remarkably similar to the facts in the case *sub judice*.  In *Dudnikov*, the Tenth Circuit held that defendants are subject to personal jurisdiction in Colorado when they (a) engage in an intentional action, that was (b) expressly aimed at a Colorado resident, with (c) knowledge that the brunt of the injury would be felt in Colorado. Mass and Mr. Moscovitch committed the intentional act of filing the Texas lawsuit against SpaceCo.  The filing of the Texas complaint is the intentional act for the purposes of the *Dudnikov* test.

Furthermore, *Dudnikov* held that where the defendant's purpose was to specifically target a known Colorado business, the "express aiming" test is met, even though the defendant's activities took place outside of Colorado.  Mass and Mr. Moscovitch clearly knew they were targeting a known Colorado business when they filed their complaint, so this element of the *Dudnikov* test is also met. Finally, Mass and Mr. Moscovitch had knowledge that the brunt of the injury would be felt in Colorado because SpaceCo's injury was suffered entirely in Colorado.  SpaceCo was put to considerable expense in the defense of Mass' baseless lawsuit. The bills and charges for the defense of the Defendant-Appellees' tortious suit came to SpaceCo's headquarters in Colorado, and in paying the costs for the defense of this baseless and tortious suit, SpaceCo was injured in Colorado.

The district court's reliance on *Allred v. Moore & Peterson*, 117 F.3d 278 at 283 (5th Cir. 1997) to deviate from the rule of *Dudnikov* is misplaced because *Allred* is based on the peculiarities of Alabama law and is not applicable to the case *sub judice*.  There are no Tenth Circuit cases directly on point, and all of the Tenth Circuit cases cited by the district court have factual differences from this case that make any comparison inapposite.

The district court also erred in failing to provide any analysis of SpaceCo's abuse of process claim, and how this claim implicated the issues of personal jurisdiction.  A proper analysis of SpaceCo's abuse of process claim would have established that personal jurisdiction is proper over these defendants in this case.  There is no discussion directly of SpaceCo's abuse of process claim in the district court's opinion.  Instead, the district court focuses its analysis on the malicious prosecution claim, with little reference at all to abuse of process.

Courts have recognized that the act of <u>service of process</u> is the act that confers personal jurisdiction over defendants in the forum where service took place for the purposes of an abuse of process claim.  One such case, *MHA Financial Corp. v. Varenko Investments Ltd.*, 583 F. Supp.2d 173 at 179 (D. Mass. 2008) specifically rejected reliance on the cases cited by the district court in this case, and instead held that personal jurisdiction is proper for an abuse of process claim in the jurisdiction where service is effectuated.

7

*MHA Financial Corp.* held that "Defendants' service of process in Massachusetts is an important element of Plaintiffs' claim, that claim is sufficiently related to Defendants' in-state contacts."  As in *MHA Financial Corp.,* SpaceCo was served in Colorado with the process from the Texas action.  The holding of *MHA Financial Corp.* supports personal jurisdiction over the Defendant-Appellees in Colorado.  Alternatively, this Court might certify this case to the Supreme Court of Colorado to determine this issue of law, as there is no reported case in Colorado that deals with the issues being contested in this case.

## ARGUMENT

## I.     The Standard of Review and Applicable Law

Claims that are not "intimately involved with the substance of the patent laws" are governed by the law of the regional circuit.  *Electronics for Imaging, Inc. v. Coyle,* 340 F.3d 1344, 1348 (Fed. Cir. 2003).  In this case, the district court based its personal jurisdiction decision on the tort claims alleged in the complaint and never reached any of the patent claims alleged.  Therefore, the law of the Tenth Circuit should apply to the determination of jurisdiction for the tort claims alleged in this case.

Under Tenth Circuit law, a district court's decision to exercise or decline personal jurisdiction over a defendant is subject to *de novo* review. *Pro Axess, Inc. v. Orlux Distribution, Inc.*, 428 F.3d 1270, 1276 (10th Cir. 2005). "Where a district court considers a pre-trial motion to dismiss for lack of personal jurisdiction without

conducting an evidentiary hearing, the plaintiff need only make a prima facie

showing of personal jurisdiction to defeat the motion." *AST Sports Sci., Inc. v. CLF*

*Distribution Ltd.*, 514 F.3d 1054, 1056-57 (10th Cir. 2008). "All factual disputes are

resolved in favor of the plaintiff[ ] when determining the sufficiency of this

showing." *Rusakiewicz v. Lowe*, 556 F.3d 1095, 1100 (10th Cir. 2009). "[T]o defeat a

prima facie showing of jurisdiction, the defendant must demonstrate that the presence

of some other considerations would render jurisdiction unreasonable." *TH Agric. &*

*Nutrition, LLC v. Ace European Grp. Ltd.*, 488 F.3d 1282, 1286 (10th Cir. 2007).

## II.    Legal Argument

### 1.    The District Court Mis-Applied the Law of the Tenth Circuit in Finding that it Lacked Personal Jurisdiction over Mass Engineered and Mr. Moscovitch with Respect to SpaceCo's Tort Claims.

The district court found that application of the Tenth Circuit's holding in

*Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063 (10th Cir. 2008) did

not compel a finding of personal jurisdiction over Mass Engineered and Mr.

Moscovitch. The facts of the *Dudnikov* case are quite similar to the facts of the

present case, and a proper application of the *Dudnikov* holding compels a finding

that personal jurisdiction is proper in this case. On *de novo* review, this Court

should apply the holding of *Dudnikov* to find the exercise of personal jurisdiction

over these defendants proper.

It is not a stretch to say that the *Dudnikov* court would find personal jurisdiction proper in this case, because the facts in that case are remarkably similar to the facts in the case *sub judice*. In *Dudnikov*, the plaintiffs ran an unincorporated Internet-based business from their home in Colorado. Their business consisted of selling fabric and handmade crafts on eBay. In the course of conducting their business, the plaintiffs launched an auction on eBay offering fabric for sale with the imprint of a variation of a design of the artist known as Erté. The owner of the copyright in the Erté work (a British corporation) and its American agent (a Connecticut resident) filed a notice of claimed infringement ("NOCI") with eBay, alleging that the auction infringed its copyright. As a result of the filing of NOCI, eBay cancelled the auction.

Dudnikov subsequently filed a complaint in the United States District Court for the District of Colorado for a declaratory judgment clarifying that the sale of the contested fabric did not infringe defendants' copyrights, and an injunction preventing defendants from interfering with future sales of the fabric. The defendants moved to dismiss for lack of personal jurisdiction, and the district court granted their motion. On appeal, the Tenth Circuit reversed dismissal of the action, and found that specific personal jurisdiction existed over the defendants. Thus, apart from *Dudnikov* concerning a copyright and this case concerning a patent, and that the forum for the allegedly tortious conduct was the eBay

10

complaint procedure in *Dudnikov*, and the U.S. district court in Texas in this case, the facts of this case and *Dudnikov* parallel each other.

In *Dudnikov,* the Tenth Circuit applied the Supreme Court's holding in *Calder v. Jones*, 465 U.S. 783 (1984). The Tenth Circuit observed:

> Distilling *Calder* to its essence, we thus understand the Court to have found purposeful direction there because of the presence of (a) an intentional action (writing, editing, and publishing the article), that was (b) expressly aimed at the forum state (the article was about a California resident and her activities in California; likewise it was drawn from California sources and widely distributed in that state), with (c) knowledge that the brunt of the injury would be felt in the forum state (defendants knew Ms. Jones was in California and her career revolved around the entertainment industry there). At plaintiffs' invitation, we turn our attention to examining the presence or absence of these same factors in their case.

*Dudnikov* at 1072. As to the first factor in the *Calder* test, an intentional action taken by the defendant, the parties disagreed as to whether the act need just be intentional, or if it must be both intention and tortious. The Tenth Circuit held it was not necessary to decide this issue, because the factual allegations of Dudnikov's complaint properly alleged that the filing of the NOCI by the defendants was both an intentional act and a tortious act.

As to the second factor of the *Calder* test, that the defendant's act be expressly aimed at the forum state, the Tenth Circuit found this factor met, even though the defendant's filing of the NOCI occurred outside of the State of

Colorado.  The Tenth Circuit noted: "[t]hus, while, as defendants emphasize, the NOCI formally traveled only to California, it can be fairly characterized as an intended means to the further intended end of cancelling plaintiffs' auction in Colorado." *Dudnikov* at 1075.  The Tenth Circuit adopted the reasoning of a case from the Ninth Circuit, *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082 (9th Cir. 2000), as it pertains to the "express aiming" factor:

> In *Bancroft*, a case perhaps even more analogous to ours, a small California company that sold computer and networking products and services, Bancroft & Masters, registered the domain name masters.com with Network Solutions Inc. ("NSI"), a company based in Virginia. Augusta National, which operates the Augusta National Golf Club and sponsors the Masters golf tournament, sent a letter from its headquarters in Georgia to NSI in Virginia, asserting that Bancroft & Masters had violated its trademark. Much as under the VeRO procedures at issue here, Augusta National's complaint had the effect, under NSI policy, of prohibiting Bancroft & Masters from retaining its domain name unless it obtained a declaratory judgment that it was not infringing on Augusta National's marks. Bancroft & Masters brought such a suit in California and our sister circuit held that, <u>because Augusta National's purpose was specifically to target a known California business, it satisfied Calder's "express aiming" test despite the fact that letter was formally sent to Virginia rather than California. 223 F.3d at 1087-88. Precisely the same reasoning applies here.</u>

*Dudnikov* at 1076 (emphasis added).

As to the third *Calder* factor, the "purposeful direction" factor, the Tenth Circuit found that factor easily met: "[i]n our case, the question where the brunt or bulk of harm need take place makes little difference, as there is no meaningful dispute that plaintiffs' injury was suffered entirely in the forum state, Colorado." *Dudnikov* at 1077.

Applying the analysis of *Dudnikov* to the case *sub judice*, there can be no question that Mass and Jerry Moscovitch have minimum contacts with Colorado. The first factor of the Calder test is met: Mass and Mr. Moscovitch committed the intentional act of filing the Texas lawsuit against SpaceCo, which lawsuit was baseless and tortious.  The filing of the Texas complaint is the intentional act for the purposes of the Calder test and this intentional act is alleged in the First Amendment Complaint.   (JA 58).  Both Mass and Jerry Moscovitch are named plaintiffs in the Texas action. (JA 58).  By virtue of Mass and Mr. Moscovitch both being named plaintiffs in the Texas action, the inescapable conclusion is that the filing of the Texas action was the intentional act of both Mass and Jerry Moscovitch.  There is no logical way to conclude otherwise; no one is "accidentally" named as a plaintiff in a lawsuit.

Furthermore, the filing of the Texas action was an intentionally tortious act, because the filing constituted both abuse of process and malicious prosecution. SpaceCo has alleged in the First Amended Complaint facts tending to show that

the filing of the Texas action constituted abuse of process. These facts include:

that Mass and Mr. Moscovitch brought the Texas action with an ulterior purpose in

the use of judicial proceedings to extract royalties from SpaceCo to which they

were not entitled, by alleging objectively and subjectively baseless claims of

infringement against SpaceCo, in a hostile forum and intermingled with many

other defendants in the hopes that SpaceCo would enter into a settlement on these

baseless claims. (JA 58). SpaceCo also alleged that Mass and Mr. Moscovitch

engaged in willful and intentional actions in the use of process in the Texas action

that are not proper in the regular conduct of a proceeding, including: 1. bringing

baseless claims of infringement against SpaceCo; 2. taking no action to advance

the prosecution of the Texas action for almost three (3) years; and 3. when

compelled by the Texas court to take action to prosecute the case, voluntarily

dismissing the case without prejudice. (JA 58).

Similarly, SpaceCo has alleged facts in the First Amended Complaint

tending to establish that the filing of the Texas action amounted to malicious

prosecution, including: that the Texas action ended in favor of SpaceCo by virtue

of the Defendants' voluntary dismissal of the Texas action not made in furtherance

of settlement. (JA 59). SpaceCo also alleged that the Defendants' had no probable

cause to bring the Texas action because there is no basis in fact or in law to allege

that the SpaceCo products alleged to infringe by the Defendants actually do

infringe any claim of the subject patent. (JA 59).  Finally, SpaceCo alleged that the

Defendants acted intentionally and with malice, in that their purpose was the

extraction of royalties from SpaceCo to which they were not entitled, by alleging

objectively and subjectively baseless claims of infringement against SpaceCo, in a

hostile forum and intermingled with any other defendants in the hopes that

SpaceCo would enter into a settlement on these baseless claims. (JA 59).  For the

purposes of this Motion, all of these facts alleged in the First Amended Complaint

must be taken as true.  *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d

1063, 1070 (10th Cir. 2008).   The allegations of the First Amended Complaint

satisfy the first element of the Calder test, and show that the Defendants committed

an intentional and tortious act that provides a basis for specific personal

jurisdiction.

The second element of the Calder test, the "expressly aimed" element, is

also clearly met.  The fact pattern in this case is almost exactly the same as that in

*Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*  In *Dudnikov¸* the defendants sent a

NOCI to eBay in California, falsely and tortuously accusing Dudnikov of

infringement.  Here, Mass and Mr. Moscovitch filed a lawsuit in Texas falsely and

tortuously accusing SpaceCo of infringement.  Just as in *Dudnikov*, Mass and Mr.

Moscovitch's lawsuit, while it formally travelled only to Texas, it can be fairly

characterized as an intended means to the further intended end of extracting

15

improper royalties from SpaceCo in Colorado.  As the Tenth Circuit held in *Dudnikov*, where the defendant's purpose was to specifically target a known Colorado business, the "express aiming" test is met, even though the defendant's activities took place outside of Colorado. *Dudnikov* at 1076.  In this case, the Defendants' purpose was specifically to target a known Colorado business , and Calder's "express aiming" test is satisfied despite the fact that the lawsuit was formally filed in Texas rather than in Colorado.  The actions of Mass and Mr. Moscovitch, in targeting a known Colorado business satisfy the second element of the Calder test.

Having demonstrated that the first and second Calder factors are met, proof of the third Calder factor, "purposeful direction," is easily made.  There can be no meaningful dispute that SpaceCo's injury was suffered entirely in Colorado.  Because of the Defendants' tortious actions in filing their baseless claim of infringement in Texas, SpaceCo was put to considerable expense in the defense of that baseless lawsuit. (JA 233).  The bills and charges for the defense of the Defendants' tortious suit came to SpaceCo's headquarters in Colorado, and in paying the costs for the defense of this baseless and tortious suit, SpaceCo was injured in Colorado. (JA 233). There is no reason to deviate from the holding of *Dudnikov* as the district court did in this case.  Analysis of the facts of this case under the *Dudnikov* framework supports a finding of personal jurisdiction in this case.

16

The district court relied on *Allred v. Moore & Peterson*, 117 F.3d 278 (5th Cir. 1997) to distinguish SpaceCo's claims in this case from the result in *Dudnikov*, but the *Allred* case is based on the peculiarities of Alabama law and is not applicable to the case *sub judice*. First, it must be noted that *Allred* dealt with the application of the Mississippi long-arm statute, which is not co-extensive with federal due process. *Allred v. Moore & Peterson*, 117 F.3d at 282 (5th Cir. 1997) ("The Mississippi long-arm statute is not coextensive with federal due process, requiring an analysis of the scope of the reach of the statute itself.") The Colorado long-arm statute, on the other hand, is co-extensive with federal due process. *See Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005). Thus, to the extent that the result in *Allred* is based on a more narrow construction of Mississippi's long-arm statute that is inconsistent with the extent of Colorado's long-arm statute, the result in *Allred* cannot control the outcome of this case.

Not only is the result on *Allred* a function of Mississippi's limited long-arm statute, it is also clear that the result in *Allred* is based on the peculiarities of Mississippi law and the Fifth Circuit's interpretation of same. After citing the elements of the tort of malicious prosecution in Mississippi, the court in *Allred* noted that "[a]s discussed above, this Circuit has recognized consistently that Mississippi does not permit damages to serve as a proxy for injury in the personal jurisdiction calculus." *Allred v. Moore & Peterson*, 117 F.3d 278 at 283 (5th Cir. 1997). The Fifth Circuit then cited to its own precedent, noting: "Allred's damages-qua-injury

argument for personal jurisdiction under the Mississippi long-arm statute flies in the face of our rather clear guidance in *Jobe*, *Cycles*, *Rittenhouse*, and *Portnoy*." *Id.* The result in *Allred* is dictated by Mississippi law and the Fifth Circuit's interpretation of it. These precedents are not binding on Colorado residents and should not be the basis for a decision denying Colorado residents their day in court.

The application of *Allred* to this case is particularly inappropriate where the district court admits that these issues are still undecided in the Tenth Circuit.[2] The district court states that there is no Tenth Circuit case on point on this issue (JA 10). The court then goes on to list three Tenth Circuit cases that, in its view, suggest a result similar to the one in *Allred*. All three of the Tenth Circuit cases cited by the district court have factual differences from this case that make any comparison inapposite. The case of *Tomlinson v. H&R Block, Inc.*, 151 F. App'x 655 (10th Cir. 2005) and the case of *Far West Capital, Inc. v. Towne*, 46 F.3d 1071 (10th Cir. 1995) are based on Oklahoma and Utah law respectively, and as was the case with *Allred*, differences in the applicable law discount their usefulness as tools for analysis in this case. The only Colorado law case cited by the district court in support of its application of *Allred* is *Wenz v. Memery Crystal*, 55 F.3d 1503 (10th Cir. 1995). The *Wenz* case is factually inapposite to the case *sub judice*.

---

[2] While the district court characterizes these issues as undecided in the Tenth Circuit, SpaceCo submits that these issues were decided in *Dudnikov*, and that analysis compels a finding of personal jurisdiction in this case.

In *Wenz,* an investor deposited money in an account in London, managed by a London law firm.  When the London law firm disbursed money out of the account without the investor's permission, the investor brought suit in Colorado against the firm alleging conversion of his funds.  The court found it to be improper to exercise personal jurisdiction over the London firm, finding that the actions the constituted the tortious act occurred in London.

The facts in *Wenz* are quite different from the facts in this case.  In *Wenz,* it is clear that all of the tortious acts took place in London.  The money was deposited in London and the disbursement from the account occurred in London.  In the present case, on the other hand, portions of the tortious acts occurred in Colorado.  Specifically, the damages for Mass Engineered and Mr. Moscovitch's torts accrued in Denver, Colorado at SpaceCo's headquarters.  Also, as will be elaborated on below, the act of service of process from the Texas action on SpaceCo in Colorado is a tortious act that occurred within Colorado sufficient to support personal jurisdiction in Colorado.  None of the Tenth Circuit cases cited by the district court justify substituting the outcome in the *Allred* case for the outcome dictated in this case by *Dudnikov.*

The district court claims that finding personal jurisdiction proper in this case will result the pernicious situation wherein "anytime a plaintiff filed a suit in a jurisdiction other than the defendant's principal place of business, at least where

the defendant accuses him of an abuse of process or malicious prosecution, he renders himself vulnerable to being sued by the defendant in the defendant's home state, again regardless of whether the plaintiff turned defendant has had any other contacts with that state." This parade of horribles suggested by the district court will not come to pass for at least two reasons. First, the facts of this case are quite unique and not likely to be repeated. If Mass Engineered and Mr. Moscovitch had elected to press their case in Texas, rather than withdrawing it, this matter would have been resolved in Texas, and there would be no need to consider whether a Colorado court might have jurisdiction.

Second, patent holders, and plaintiffs in general, have it entirely within their power to prevent tort claims from being alleged against them by only suing on meritorious claims, and by using the judicial process appropriately for the resolution of these claims. On the other hand, plaintiffs and patent holders who advance frivolous claims, and misuse the judicial process to leverage settlement of those claims should be called to account for their actions, and it is not unreasonable to suggest that they should answer in the forum where the aggrieved party is located. A finding that personal jurisdiction is proper in this case will not result in the "nightmare scenario" suggested by the district court, wherein plaintiffs are suddenly amenable to suit in a defendant's home forum every time a complaint is filed.

2.    **The District Court Failed to Adequately Analyze the Facts Supporting SpaceCo's Abuse of Process Claim Which Show That Personal Jurisdiction is Proper in Colorado over These Defendants.**

The district court erred in failing to provide any analysis of SpaceCo's abuse of process claim, and how this claim implicated the issues of personal jurisdiction. It has been recognized that the act of service of process is the act that triggers personal jurisdiction in abuse of process cases. A proper analysis of SpaceCo's abuse of process claim would have established that personal jurisdiction is proper over these Defendants in this case. This Court should reverse the district court's dismissal of this case because the activities of Mass Engineered and Mr. Moscovitch that give rise to SpaceCo's abuse of process claim also serve to establish personal jurisdiction over them in Colorado.

There is no discussion directly of SpaceCo's abuse of process claim in the district court's opinion. Instead, the district court focuses its analysis on the malicious prosecution claim, with little reference at all to abuse of process. This Court has held that a district court's failure to properly analyze a claim is reversible error. *See e.g. Taltech Ltd. v. Esquel Enterprises Ltd.,* 604 F.3d 1324 (Fed. Cir. 2010); *Ecolab, Inc. v. FMC Corp.,* 569 F.3d 1335 (Fed. Cir. 2009). In this case, not only did the district court fail to properly analyze the personal jurisdiction implications of SpaceCo's abuse of process claim, the district court provides no analysis of this issue whatsoever. This fact alone should result in reversal of the dismissal in this case.

21

The district court conflated its analysis of the abuse of process claim with the malicious prosecution claim, and relied on the holdings of *Allred* and *Wallace v. Herron,* 778 F.2d 391, 394 (7th Cir. 1985) to find that personal jurisdiction was improper in this case. However, other courts have recognized that the act of service of process is the act that confers personal jurisdiction over defendants in the forum where service took place for the purposes of an abuse of process claim. For example, in *Vishay Intertechnology, Inc. v. Delta Int'l Corp.*, 696 F.2d 1062, 1067 (4th Cir. 1982), the Fourth Circuit Court of Appeals agreed that a defendant's service of a summons and complaint in North Carolina subjected it to jurisdiction in that state for an abuse of process claim. The Fourth Circuit noted:

> if an out-of-state defendant causes abusive process to be served upon an in-state plaintiff, and the plaintiff subsequently sues the defendant in the plaintiff's state, the state wherein the alleged abusive process was served, on a cause of action arising out of such abusive service of process, personal jurisdiction exists over the out-of-state defendant.

Id. at 1067. Another case the directly contradicts the district court's result in this case is *MHA Financial Corp. v. Varenko Investments Ltd.*, 583 F. Supp. 2d 173 (D. Mass. 2008). In fact, *MHA Financial Corp.* specifically rejected reliance on the cases cited by the district court in this case, and instead held that personal jurisdiction is proper for an abuse of process claim in the jurisdiction where service is effectuated. The *MHA Financial* court found *Wallace v. Herron* to be "readily distinguishable" for the following reasons:

> In *Wallace v. Herron*, the Seventh Circuit Court of
> Appeals addressed the issue of personal jurisdiction in
> the context of a suit for malicious prosecution.  Because
> it did not involve a claim for abuse of process, that case
> is not helpful in evaluating whether Defendants' service
> of process is an important or material element of proof in
> Plaintiffs' abuse of process claim.

*MHA Financial Corp. v. Varenko Investments Ltd.*, 583 F. Supp. 2d 173 at 179 (D.

Mass. 2008)(internal citations omitted).   The *MHA Financial Corp.* court also

disregarded the holding in *Allred v. Moore & Peterson*, finding that the Fifth

Circuit's conclusion in that case "relied heavily on Mississippi law which is

distinguishable from Massachusetts law applicable to this case."  The *MHA*

*Financial* court went on to analyze *Allred* as follows:

> In Allred, the Fifth Circuit held that Mississippi did not
> have jurisdiction over the defendants in an abuse of
> process claim where the defendants only contact with
> Mississippi was the service of process by certified mail
> on the plaintiff in Mississippi. According to the court,
> jurisdiction was inappropriate because no part of the
> alleged tortious conduct occurred in Mississippi. Under
> Mississippi law service of process is not an element of an
> abuse of process claim, so that act alone was insufficient
> to confer jurisdiction.  As the court explained, the
> elements of abuse of process in Mississippi are: "(1) the
> party made an illegal use of the process, (2) the party had
> an ulterior motive, and (3) damage resulted from the
> perverted use of process."  Accordingly, abuse of process
> requires that "corruption or perversion of process" be
> shown.  Because the plaintiff failed to allege that any
> such corruption or perversion (as opposed to the mere
> service of process) occurred in Mississippi, he failed to
> show that any part of the alleged tortious act occurred in
> Mississippi.

> Contrary to the law in Mississippi, Massachusetts does not require a showing of "illegal use of process" but only that "process was used." Therefore, service of process alone (without any corruption or perversion) can satisfy an element of an abuse of process claim in Massachusetts. Because Defendants' service of process in Massachusetts is an important element of Plaintiffs' claim, that claim is sufficiently related to Defendants' in-state contacts. Thus the relatedness prong of the due process inquiry is satisfied with respect to Plaintiffs' abuse of process claim.

*MHA Financial Corp. v. Varenko Investments Ltd.*, 583 F. Supp. 2d 173 at 179 (D. Mass. 2008)(internal citations omitted).

The case *sub judice* is analogous to *MHA Financial Corp.* The application of *Allred* to the present case is inapposite for the same reasons as in *MHA Financial Corp.* As stated above, and in *MHA Financial Corp.,* the holding in *Allred* is based on a particular Mississippi law that is inapplicable in other states. In fact, the similarities between the present case and *MHA Financial Corp.* are demonstrated by the fact that the elements of the tort of abuse of process in Colorado and Massachusetts are quite similar, and both are distinguishable from the elements of the tort in Mississippi. In Colorado, the tort of abuse of process requires: (1) an ulterior purpose in the use of judicial proceedings; (2) willful actions by a defendant in the use of process that are not proper in the regular conduct of a proceeding; and (3) damages. *See Trask v. Nozisko*, 134 P.3d 544, 553 (Colo. App. 2006). As in *MHA Financial Corp.,* there is no requirement under

Colorado law that "corruption or perversion of process" be shown in order to prevail on the tort claim. Thus, under Colorado law, the same result would obtain as under Massachusetts law, and the applicability of *Allred* to the present case is inappropriate.

In *MHA Financial Corp.,* it was recognized that "service of process alone (without any corruption or perversion) can satisfy an element of an abuse of process claim in Massachusetts." As a result of this "Defendants' service of process in Massachusetts is an important element of Plaintiffs' claim, that claim is sufficiently related to Defendants' in-state contacts." As in *MHA Financial Corp.,* SpaceCo was served in Colorado with the process from the Texas action. (JA 225). Colorado's law is more closely aligned with Massachusetts law, as neither of them require the "corruption or perversion" of service that was required in *Allred*. To the extent that the district court in this case relied on *Allred* as the basis for denying personal jurisdiction over SpaceCo's abuse of process claim, this ruling is incorrect because *Allred* is inapplicable in this case. For these reasons, the dismissal of this case must be reversed.

The court in *MHA Financial Corp.* had the benefit of a previous ruling by the Supreme Judicial Court of Massachusetts in *Jones v. Brockton Pub. Mkts., Inc.*, 369 Mass. 387, 389, 340 N.E.2d 484 (1975), which held that the act of service of process in Massachusetts established personal jurisdiction over a defendant that

25

effectuated such service.  SpaceCo is not aware of any corresponding case from Colorado, in which the Colorado Supreme Court has ruled on whether the act of service of process in Colorado confers personal jurisdiction over the party making such service.   Thus, there is an absence of controlling precedent in the decisions of the Colorado Supreme Court and the intermediate appellate courts of Colorado on the pertinent issues of Colorado tort law.  The Colorado Supreme Court would be in the best position to issue a pronouncement on the proper interpretation of the Colorado laws at issue.  The State of Colorado has a procedure pursuant to which this Court may certify unsettled questions of state law to the Colorado Supreme Court.  *See* C.A.R. 21.1 (2013).  In a case such as this, where all of the above factors are present, it is appropriate to certify a question to the supreme court of the state whose laws are in question.  *See Klamath Irrigation Dist. v. U.S.,* 532 F.3d 1376 (Fed. Cir. 2008).  If the Court deems it necessary, this case should be certified to the Supreme Court of Colorado to determine this issue of law, as there is no reported case in Colorado that deals with the issues being contested in this case.

## <u>CONCLUSION</u>

SpaceCo respectfully requests that this Honorable Court vacate the order of the district court, dated April 29, 2013, granting Mass Engineered and Mr. Moscovitch's motion to dismiss for lack of personal jurisdiction.  SpaceCo further requests that this Honorable Court remand this case to the district court with

instructions to reinstate the case on the district court's docket and to conduct a trial

to resolve, among other things, SpaceCo's tort claims and the issues of non-

infringement and invalidity of the '978 patent.

                                        Respectfully submitted,

Date: July 30, 2013                      s/ Carl A. Hjort, III
                                         Carl A. Hjort, III
                                         SpaceCo Business Solutions, Inc.
                                         13100 East Albrook Drive, Suite 100
                                         Denver, CO 80239
                                         Tel: (303) 350-2204
                                         Fax: (303) 375-6644

                                         *Attorney for Appellant*
                                           *SpaceCo Business Solutions, Inc.*

# ADDENDUM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 12-cv-02029-RBJ

SPACECO BUSINESS SOLUTIONS, INC.,

     Plaintiff,

v.

MASS ENGINEERED DESIGN, INC. and
JERRY MOSCOVITCH,

     Defendants.

---

## ORDER

---

     Before the Court is defendants' motion to dismiss for lack of personal jurisdiction and improper venue pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3).  [docket #21].  For the reasons set forth below, the motion is granted.

## FACTS

     In November 2009 Mass Engineered Design, Inc., a Canadian corporation, and Jerry Moscovitch, Mass' president, sued 30 defendants in the Eastern District of Texas.  They claimed that the defendants were infringing U.S. Patent No. RE 36,978 (the '978 patent), of which Mr. Moscovitch is the owner and Mass his licensee.  The patent concerns a dual display system for two computer monitors.  One of the defendants named in the Texas suit was SpaceCo Business Solutions, Inc., a Nevada corporation headquartered in Colorado.

     Some of the defendants settled during the nearly three years of litigation that followed.  However, in August 2012, apparently unexpectedly, Mass and Moscovitch agreed

1

-Add. 1-

to dismiss their claims against all remaining defendants.  SpaceCo, which was one of the

remaining defendants, agreed to dismiss its counterclaims against Mass and Moscovitch.

Shortly following dismissal of the Texas action, SpaceCo filed the present action.

The gist of it was summarized as follows:

> By virtue of Mass's dismissal of the Texas action, Mass deprived SpaceCo of
> the ability [to] challenge the allegation of infringement, but has not withdrawn
> those allegations of infringement.  Therefore, SpaceCo operates with a "cloud
> over its business" because of these unresolved infringement allegations.

Complaint [#1] ¶15.

Specifically, SpaceCo asserted five claims for relief: (1) a declaration of non-

infringement of the '978 patent; (2) a declaration of the invalidity of the '978 patent; (3) a

declaration that Mass is estopped from interpreting the '978 patent in a manner contrary to

prosecution history; (4) a declaration that Mass is barred from enforcing the '978 patent by

reason of waiver, laches or estoppel; (5) a declaration that SpaceCo has immunity under 28

U.S.C. § 1498.  *Id.*

In the original complaint SpaceCo's allegation regarding personal jurisdiction was

sparse: "This Court has personal jurisdiction over Mass because Mass has established

minimum contacts with this forum and the exercise of jurisdiction over Mass would not

offend traditional notions of fair play and substantial justice."  *Id.* ¶10.

Before the jurisdictional issue was raised by the filing of the pending motion,

however, SpaceCo beefed up its jurisdictional allegations and added two state law tort claims

that, as will be discussed, also relate to its effort to establish personal jurisdiction over Mass

and Moscovitch in Colorado.  The new claims added by the First Amended Complaint are (6)

defendants abused the legal process by bringing the Texas action for the ulterior purpose of

extracting royalties to which they were not entitled, and (7) malicious prosecution, also based

upon the Texas action.  The revised allegations relating to personal jurisdiction in the First

Amended Complaint are:

> 11. This Court has personal jurisdiction over Mass Engineered Design and Jerry Moscovitch because by suing SpaceCo for infringement of the '978 patent they have established minimum contacts with this forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice.

> 12. Upon information and belief, Mass Engineered Design and Jerry Moscovitch are doing business in this District.

> 13. Upon information and belief, the Defendants have delivered their products into the stream of commerce with the expectation that they will be purchased by consumers in Colorado.

> 14. Upon information and belief, the Defendants have purposefully availed themselves of the rights and benefits of Colorado law by engaging in systematic and continuous contacts with Colorado.

> 15. With respect to the Abuse of Process and Malicious Prosecution claims, this Court has personal jurisdiction over both of the Defendants because the Defendants have intentionally committed, or aided, abetted, actively induced, contributed to, or participated in the commission of tortious acts in another jurisdiction that were expressly aimed at Colorado, with knowledge that the brunt of the injury would be felt in Colorado and which led to foreseeable harm and injury to SpaceCo, a resident of Colorado.  Under the circumstances, the Defendants must "reasonably anticipate being haled into court" in Colorado to answer for their tortious acts against a Colorado resident.

> 16. If the Court should determine that it has personal jurisdiction over the Defendants for some, but not all of the claims alleged in this Complaint, the Court may exercise its supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) to hear all of the claims, because all of the claims arise out of a common nucleus of operative fact.

Mass and Mr. Moscovitch then filed the pending motion, in support of which they

submitted, among other things, the declarations of Ray Wilk, Manager of Product

Development for Mass, and Mr. Moscovitch.  The Wilk declaration [#22-5]states that Mass

has never owned or maintained an office in Colorado; has no property in Colorado; is not

registered to do business in Colorado; has no employees in Colorado; has no relationships

with sales agents or distributors in Colorado; and has not signed any agreements with

3

Colorado residents or businesses.  *Id.* ¶¶ 4-9.  Mass does advertise on a website that is

generally available on the Internet and is not directed to Colorado residents.  In the past it has

sold some products to Colorado customers, all of which were initiated by the customer who

contacted Mass by telephone or email.  These sales were (1) between 2005 and 2006, 12

sales with an average sales price of $525; (2) also in 2005, Dell Computer sold five Mass

products that it shipped to Colorado; (3) between 2007 and 2008, five sales with an average

sales price of $107; (4) no sales in 2009; (5) two sales in 2010 with an average sales price of

$139; (6) four sales in 2011 with an average sales price of $168; and (7) one sale in 2012.

During these years (2005-2012) Mass repaired or replaced six Mass products under warranty

with Colorado residents.  All repairs were done in Canada.  *Id* ¶¶ 10-18.  Mr. Wilk also

relates the basic timeline of the Texas litigation and states that during the course of the

litigation Mass and SpaceCo had licensing and settlement negotiations, for which Mass did

not travel, that were unsuccessful.  *It.* ¶¶ 19-21, 23-24.

The Moscovitch declaration [#22-7] states that he is the president of Mass; resides in

Toronto; does not own, lease or maintain any property in Colorado; has never resided in

Colorado; has no interest in any Colorado business; and has never signed any license

agreement with any Colorado resident.  *Id.* ¶¶ 1-5. 8.  He made two trips to Colorado in the

early 1990's in connection with the design of ski equipment, and he has traveled to Colorado

three other times for personal ski vacations.  *Id.* ¶¶6-7.

In its response to the motion SpaceCo did not dispute any of the facts set forth in the

Wilk and Moscovitch declarations.  Rather, they cite the Wilk declaration as evidence that

defendants have sold products in Colorado.  Response Brief [#24] at 8, 36.

4

## CONCLUSIONS

### I.  PERSONAL JURISDICTION GENERALLY.

"The plaintiff bears the burden of establishing personal jurisdiction, but where, as here, the issue is raised early on in litigation, based on the pleadings (with attachments) and affidavits, that burden can be met with a prima facie showing." *Shrader v. Biddinger,* 633 F.3d 1235, 1239 (10th Cir. 2011). The Court accepts as true all well pleaded, non-conclusory facts alleged in the plaintiff's complaint, and all factual disputes are resolved in the plaintiff's favor. *Id.* The Court may, but is not required to, hold an evidentiary hearing on the motion. *Fireman's Fund Ins. Co. v. Thyssen Mining Construction of Canada, Ltd. Const. ,* 703 F.3d 488, 494 (10th Cir. 2012). Neither party has requested a hearing on this motion. For that reason and because the relevant facts appear to be undisputed, the Court finds that an evidentiary hearing is not necessary to a determination of the issues.

Generally, this Court relies on the law of the Tenth Circuit to determine personal jurisdiction. This in turn commands that, in the absence of an applicable federal statute, the Court follows the law of the forum state. *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.,* 514 F.3d 1063, 1070 (10th Cir. 2008). Colorado's "long-arm" statute, C.R.S. § 13-1-124, has been interpreted to confer the maximum jurisdiction permitted by constitutional due process. *Archangel Diamond Corp. v. Lukoil,* 123 P.3d 1187, 1193 (Colo. 2005).

Due process requires that defendants have "minimum contacts" with the forum state so that the exercise of jurisdiction does not "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash. Office of Unemployment Comp. and Placement,* 326 US. 310, 323 (1945). At a minimum, the defendant must have done something purposefully to have availed itself of the privilege of conducting activities in the

forum state. *Hanson v. Denckla,* 357 U.S. 235, 253 (1958). If the cause of action arises out

of the defendant's specific activities in the forum state, there is no due process problem.

Even when the cause of action does not arise out of or relate to the defendant's activities in

the forum state, extending jurisdiction over the defendant is consistent with due process if the

defendant has had "continuous and systematic" contacts with the state. *Helicopteros*

*Nacionales de Colombia v. Hall,* 466 U.S. 408, 414–16 (1984).

However, with respect to such issues as patent infringement and patent validity, it is

appropriate to look to the law of the Federal Circuit, "because the jurisdictional issue is

'intimately involved with the substance of the patent laws.'" *Autogenomics, Inc. v. Oxford*

*Gene Tech. Ltd,* 566 F.3d 1012, 1016 (Fed. Cir. 2009). Claims that are brought in the same

action but are not "intimately involved with the substance of the patent laws" are governed

by the law of the regional circuit. *Electronics For Imaging, Inc. v. Coyle,* 340 F.3d 1344,

1348 (Fed. Cir. 2003).

This case has the tort claims, neither of which is "intimately involved with the

substance of the patent laws," and the five patent-related claims. Therefore, the Court looks

to Tenth Circuit precedent regarding the tort claims and Federal Circuit precedent regarding

the patent claims. However, the basic jurisdictional principles are the same. The Federal

Circuit, like the Tenth Circuit, is guided by the forum state's long-arm statute and due

process. *Autogenomics*, 566 F.3d at 1017. Likewise, the Federal Circuit considers both

specific jurisdiction, when the claim arises from the defendant's activities in the forum state,

and general jurisdiction based upon a defendant's "continuous and systematic" contacts with

the forum state even if the claim has no relationship to those contact. *Id.*

6

II.    **PLAINTIFF'S JURISDICTIONAL ARGUMENTS.**

A.  **Tort Claims**.

Plaintiff begins its analysis with the two tort claims that were added in the First Amended Complaint.  It offers two theories as to why personal jurisdiction exists with respect to the abuse of process and malicious prosecution claims.

1.  Specific Jurisdiction under Calder.

The plaintiff argues that this Court has specific jurisdiction over Mass and Mr. Moscovitch for the abuse of process and malicious prosecution claims because by bringing suit against SpaceCo in Texas, they engaged in an intentional action aimed at a Colorado resident, knowing that the brunt of the injury would be felt in Colorado.  To support its argument, SpaceCo relies on *Calder v. Jones,* 465 U.S. 783 (1984) and *Dudnikov, supra.*

In *Calder,* actress Shirley Jones sued the National Enquirer, its local distributor, and the author and editor of an allegedly libelous article in California state court.  The author and editor challenged personal jurisdiction, arguing that they had few contacts with California, and that the article was written and edited in Florida.  The Court determined that specific jurisdiction in California was appropriate, because the defendants had not engaged in "mere untargeted negligence" but had purposefully directed their alleged wrongdoing at California.  465 U.S. at 789-90.  The Court reasoned that the defendants wrote an article that they knew would have a potentially devastating impact on Ms. Jones, and that the brunt of the injury would be felt in California, because that is where she lived and worked.  *Id.*

In *Dudnikov* plaintiffs sold fabrics from their home in Colorado through an eBay auction site.  Two of their prints featured images that were a play on images by the artist Erté.  Defendants, a British company that owned the rights to the Erté images and its

7

Delaware agent, complained to eBay and also threatened to sue the plaintiffs.  Under eBay's

Verified Rights Owner program, eBay automatically terminates an auction when it receives a

notice of claimed infringement, and if the complaint goes unresolved, it can lead to

suspension of the seller's account.  In response to defendants' complaint, eBay cancelled

plaintiff's auction.  The plaintiffs told the defendants that they would stop selling the

offending fabric and expressed concern that, because they made their living on eBay, their

business could go under if defendants persisted.  Nevertheless the defendants still refused to

withdraw their eBay complaint, so plaintiffs notified eBay that they were contesting

defendants' claim, and they filed a pro se complaint in federal court in Colorado seeking a

declaration that their prints did not infringe defendants' copyrights.

In reversing the trial court's dismissal of the case for lack of personal jurisdiction, the

Tenth Circuit applied *Calder*'s purposeful direction analysis which requires at a minimum (1)

an intentional action, (2) expressly aimed at the forum state, (3) with knowledge that the

brunt of the injury would be felt in the forum state.  *Id.* at 1072.  Construing plaintiffs'

allegations in their favor, the court found that the "purposeful direction test was met, because

the defendants knew and intended that their filing of an infringement complaint with eBay

would cause the cancellation of plaintiffs' auction in Colorado.  *Id.* at 1072-78.  The eBay

complaint and defendants' threat to sue plaintiffs caused the claimed injuries, namely, the

cancellation of the auction and the black mark on their eBay record.  *Id.* at 1079.

In arguing that the "purposeful direction" analysis of *Calder* and *Dudnikov* show

"unquestionably" that this Court has personal jurisdiction in the present case attempts to

draw more from those cases than, in my view, is there.  The injury suffered by the plaintiffs

in those cases occurred in the forum state.  However, the injury sustained by SpaceCo as a

8

result of what I will assume for this purpose was Mass and Moscovitch's abuse of process

and malicious prosecution which occurred in Texas, i.e., SpaceCo was forced to defend

against the suit in Texas. *See Allred v. Moore & Peterson,* 117 F.3d 278, 283 (5th Cir. 1997)

(the injury suffered in a malicious prosecution tort is the institution of criminal or civil

proceedings where the institution ought not to have occurred). The fact that litigation costs

attendant to the Texas litigation might have been paid out of SpaceCo's home office in

Colorado is an incidental consequence of an injury that occurred in Texas.

By SpaceCo's reasoning, when Mass and Moscovitch sued 30 defendants in Texas,

they exposed themselves to being sued by those defendants in each of their home states,

regardless whether Mass and Moscovitch ever had had any contact with that home state.

Taking this reasoning a step further, anytime a plaintiff files a suit in a jurisdiction other than

the defendant's principal place of business, at least where the defendant accuses him of an

abuse of process or malicious prosecution, he renders himself vulnerable to being sued by the

defendant in the defendant's home state, again regardless of whether the plaintiff turned

defendant has had any other contacts with that state. SpaceCo has not provided any authority

that interprets *Calder* that broadly.

The authority of which this Court is aware tends to suggest the contrary. When a

Mississippi lawyer tried to sue lawyers from Texas and Louisiana in Mississippi on the

ground that they had filed frivolous claims against him in the Middle District of Louisiana,

the fact that his litigation costs were incurred in Mississippi was not enough to confer

personal jurisdiction over the out of state lawyers in Mississippi. *Allred,* 117 F.3d at 283.

*See also Wallace v. Herron,* 778 F.2d 391, 394-395 (7th Cir. 1985) (distinguishing *Calder*

and holding that California attorneys who maliciously prosecuted a civil action in California

9

against an Indiana resident were not thereby rendered subject to personal jurisdiction in

Indiana).

Although there does not appear to be a Tenth Circuit case on point, the same result is

at least suggested in several of its cases. *See Tomlinson v. H&R Block, Inc.,* 151 F. App'x

655, 658 (10th Cir. 2005) ("But the mere allegation that a nonresident defendant tortiously

injured a forum resident does not necessarily establish sufficient minimum contacts to confer

personal jurisdiction on the forum."); *Far West Capital, Inc. v. Towne,* 46 F.3d 1071, 1080

(10th Cir. 1995) ("Although FWC argues that it suffered the financial effects of these alleged

torts in Utah where it is incorporated, we hold that under *Calder* and its progeny, the

defendants' contacts with Utah are insufficient to establish personal jurisdiction in this

case."); *Wenz v. Memery Crystal*, 55 F.3d 1503, 1508 (10th Cir. 1995) ("That Wenz may be

economically impacted in Colorado, simply because he lives there, is insufficient to establish

personal jurisdiction under subsection (1)(b) of the Colorado long-arm statute").

In short, this Court holds that the naming of SpaceCo as a defendant in a Texas

lawsuit, during which Mass and Moscovitch allegedly abused the legal process and engaged

in malicious prosecution, is insufficient to establish that Mass and Moscovitch have the

required minimum contacts with Colorado such that being haled into court in Colorado

would not offend traditional notions of fair play and substantial justice.

2. <u>General Jurisdiction</u>.

SpaceCo alleges, alternatively, that this Court can exercise general personal

jurisdiction over the defendants because they have continuous and systematic contacts with

Colorado. "Because general jurisdiction is not related to the events giving rise to the suit,

courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate

10

the defendant's continuous and systematic general business contacts." *Benton v. Cameco Corp.*, 375 F.3d 1070, 1080 (10th Cir. 2004) (quoting *OMI Holdings, Inc. v. Royal Ins. Co. of Canada,* 149 F.3d 1086, 1091 (10th Cir. 1998)).  Showing that a court can exercise general jurisdiction over a defendant is a "high burden."  *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 94 (10th Cir. 2012) (quoting *Benton v. Cameco Corp.*, 375 F.3d 1070, 1081 (10th Cir. 2004)).

To support its contention that this Court can exercise general jurisdiction over the defendants, SpaceCo relies on the declaration of Raymond Wilk, Manager of Product Development at Mass.  Mr. Wilk acknowledges that defendants have sold products to persons or businesses in Colorado for seven of the last eight years.  Wilk Decl. ¶¶ 13–18. Mr. Wilk explained that Mass made a total of 30 sales to persons or business located in Colorado over that eight year period.  *Id.*

This is analogous to the circumstances in *Autogenomics,* 566 F.3d 1012.  The Federal Circuit agreed with the California trial court that it could not exercise personal jurisdiction over a British biotechnology company that entered into about ten non-exclusive license agreements with companies located in California and sold 20 products to a California company totaling about 1% of its revenue that year.  *Id.*  The Court held that these contacts were not systematic and continuous.  *Id.*

SpaceCo argues that defendants' actions cannot be analogized to *Autogenomics,* because unlike the defendants in *Autogenomics,* Mass does not seriously carry on the business of selling its products to the public.  Rather, SpaceCo alleges that Mass's revenue comes from licensing of its purported patent rights.  The fact that Mass does not derive the majority of its revenues from sales to the public cannot turn a few isolated sales to Colorado

11

residents into systematic and continuous contacts.  Under these facts documented by the Wilk

declaration, there is no basis to find that either Mass' or Moscovitch's contacts with

Colorado were so extensive that this Court can assert general jurisdiction over them.

### B.  Patent Claims.

Plaintiffs argue that if personal jurisdiction can be established as to the tort claims,

then personal jurisdiction as to the patent claims exists pursuant to the supplemental

jurisdiction statute, 28 U.S.C. § 1367.  *See Silent Drive, Inc. v. Strong Indus., Inc.,* 326 F.3d

1194, 1206 (Fed. Cir. 2003).  I do not disagree that this is the law.  However, because the

Court could not find a basis for personal jurisdiction of the tort claim, it follows that there is

no basis for personal jurisdiction as to the patent claims either.

### C.  Rule 4(k)(2).

Finally, SpaceCo argues that this Court can exercise jurisdiction under Federal Rule

of Civil Procedure 4(k)(2) which provides,

> For a claim that arises under federal law, serving a summons or filing a waiver of
> service establishes personal jurisdiction over a defendant if:
>
> (A) the defendant is not subject to jurisdiction in any state's courts of general
>     jurisdiction; and
> (B) exercising jurisdiction is consistent with the United States Constitution and laws.

For Rule 4(k)(2) to apply, three conditions are necessary: (1) the cause of action must

arise under federal law; (2) the defendant must not be subject to personal jurisdiction in any

state court of general jurisdiction; and (3) the federal court's exercise of personal jurisdiction

must comport with due process.  *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain*

*Co.,* 284 F.3d 1114, 1124 (9th Cir. 2002).  For the reasons discussed earlier in this order the

Court is not convinced that the exercise of personal jurisdiction comports with due process.

The Court also finds that the second requirement under the rule is not met here.

12

SpaceCo cites *Soma Medical Int'l v. Standard Chartered Bank,* 196 F.3d 1292 (10th Cir. 1999) for the proposition that litigation in a forum does not constitute activity that is sufficient to confer personal jurisdiction over a litigant.  While as a general statement this may be correct, it does not describe the facts at hand.  SpaceCo seeks to sue Mass and Moscovitch for claims arising from the previous litigation.  Personal jurisdiction may be based upon implied consent or waiver when a non-resident files a claim in the forum state that involves the same transaction.  *Neuralstem, Inc. v. Stem Cells, Inc.,* 573 F. Supp. 2d 888, 897 (D. Md. 2008) (citing cases from around the country).  In *Rusakiewicz v. Lowe* the Tenth Circuit explained, "[i]t is scarcely unfair to make those who have initiated a lawsuit in a particular state undergo suit in that state to determine whether the lawsuit was tortious."  556 F.3d 1095, 1102 (10th Cir. 2009).  The Fifth Circuit has similarly stated that when "a party seeks affirmative relief from a court, it normally submits itself to the jurisdiction of the court with respect to the adjudication of claims arising from the same subject matter." *PaineWebber Inc. v. Chase Manhattan Private Bank (Switzerland)*, 260 F.3d 453, 460–61 (5th Cir. 2001) (quoting *Bel-Ray Co., Inc. v. Chemrite (Pty) Ltd*., 181 F.3d 435, 443 (3d Cir. 1999)).  *See also Frank's Casing Crew & Rental Tools, Inc. v. PMR Technologies, Ltd*., 292 F.3d 1363, 1371–72 (Fed. Cir. 2002) ("we conclude that PMR waived its personal jurisdiction defense when PMR filed its Answer, Class Action Counter-Claim, and First Amended Complaint in the Western District of Louisiana and for the first time asserted infringement claims against six defendants that had not previously been involved in any infringement suit related to the ′063 patent").

Because SpaceCo's claims are closely related to the litigation that Mass and Moscovitch initiated in the Eastern District of Texas, Mass and Mr. Moscovitch are subject

to personal jurisdiction in that forum to resolve these claims.  Furthermore, Mass and

Moscovitch admit that they are subject to being sued in Texas.  Opening Brief [#22] at 20;

Reply [#26] at 20.

I grant that Texas is not as convenient a forum for SpaceCo as Colorado, and I

suspect that Texas is not a more convenient forum for Mass and Moscovitch than Colorado.

Nevertheless, this Court has to conclude that personal jurisdiction over Mass and Moscovitch

in Colorado cannot be based upon application of Rule 4(k)(2).

**Order**

The court does not need to reach or decide the venue issue.  Defendants' motion to

dismiss for lack of personal jurisdiction [#21] is GRANTED.  The case and all claims therein

are dismissed without prejudice.  Defendants are awarded their reasonable costs pursuant to

Fed. R. Civ. P. 54 (d)(1) and D.C.Colo.LCivR 54.1.

DATED this 29th day of April, 2013.

BY THE COURT:

R. Brooke Jackson
United States District Judge

14

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.  12-cv-02029-RBJ

SPACECO BUSINESS SOLUTIONS, INC.

      Plaintiff,

v.

MASS ENGINEERED DESIGN, INC., and
JERRY MOSCOVITCH,

      Defendants.

---

## FINAL JUDGMENT

---

      In accordance with the orders filed during the pendency of this case, and

pursuant to Fed. R. Civ. P. 58(a), the following Final Judgment is hereby entered.

      Pursuant to the Order at Document No. 28 of Judge R. Brooke Jackson entered

on April 29, 2013 it is

      ORDERED that Defendants' motion to dismiss for lack of personal jurisdiction

(Document No. 21) is GRANTED.  It is further

      ORDERED that the case and all claims therein are dismissed without prejudice,

Plaintiff SpaceCo Business Solutions, Inc. recovers nothing, and that Defendants are

awarded reasonable costs to be taxed by the Clerk of the Court pursuant to Fed. R. Civ.

P. 54(d)(1) and D.C.COLO.LCivR 54.1.

      Dated at Denver, Colorado this 29th day of April, 2013.

                 FOR THE COURT:
                 JEFFREY P. COLWELL, CLERK

                 By: s/Edward P. Butler

                 Edward P. Butler, Deputy Clerk

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that, on this the 30th day of July, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered users:

Kirk T. Bradley
Jason A. Friday
ALSTON & BIRD LLP
101 South Tryon Street, Suite 4000
4000 Bank of America Plaza
Charlotte, NC 28280
(704) 444-1000

I further certify that, upon acceptance and request from the Court, the required paper copies of the foregoing will be deposited with United Parcel Service for delivery to the Clerk, UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT, 717 Madison Place, N.W., Washington, D.C. 20439.

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

/s/ Melissa A. Dockery
Melissa A. Dockery
GIBSON MOORE APPELLATE SERVICES
421 East Franklin Street, Suite 230
Richmond, VA  23219

<u>**CERTIFICATE OF COMPLIANCE**</u>
**With Type-Volume Limitation, Typeface Requirements,
And Type Style Requirements**

1.      This brief complies with the type-volume limitation of Fed. R. App. P.
        32(a)(7)(B) because:

               this brief contains <u>6,559</u> words, excluding the parts of the brief
               exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.      This brief complies with the typeface requirements of Fed. R. App. P.
        32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

               this brief has been prepared in a proportionally spaced typeface using
               <u>Microsoft Word</u> in <u>14 Times New Roman</u>.

July 30, 2013                                    <u>/s/ Carl A. Hjort, III          </u>
                                                 Carl A. Hjort, III