2013-1432

# United States Court of Appeals for the Federal Circuit

SPACECO BUSINESS SOLUTIONS, INC.,

*Plaintiff-Appellant,*

v.

MASS ENGINEERED DESIGN INC. and JERRY MOSCOVITCH,

*Defendants-Appellees,*

---

*Appeal from the United States District Court for the District of Colorado in case no. 12-CV-2029, Judge R. Brooke Jackson.*

---

## BRIEF OF APPELLEE

John J. Edmonds
Stephen F. Schlather
COLLINS, EDMONDS, POGORZELSKI,
SCHLATHER & TOWER, PLLC
1616 S. Voss Road, Suite 125
Houston, Texas 77057
Telephone: (281) 501-3425
Facsimile: (832) 415-2535
jedmonds@cepiplaw.com
sschlather@cepiplaw.com

*Attorneys for Defendants-Appellees
Mass Engineered Design Inc. and
Jerry Moscovitch*

SEPTEMBER 12, 2013

# CERTIFICATE OF INTEREST

Pursuant to Federal Rule of Appellate Procedure 26.1 and Federal Circuit Rule 47.4, the undersigned counsel for Defendants-Appellees hereby certifies that:

1.    The full names of every party or amicus represented by me is:

Mass Engineered Design Inc. and Jerry Moscovitch

2.    The names of the real parties in interest (if the party named in the caption is not the real party in interest) represented by me is:

None.

3.    All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

None.

4.    The names of all law firms and the partners or associates that appeared for any of the parties represented by me in the district court or are expected to appear in this court are:

COLLINS, EDMONDS, POGORZELSKI, SCHLATHER & TOWER, PLLC
John J. Edmonds and Stephen F. Schlather


Dated: September 12, 2013            */s/ John J. Edmonds*
                                     John J. Edmonds

# TABLE OF CONTENTS

CERTIFICATE OF INTEREST ...................................................................i

TABLE OF CONTENTS .......................................................... ii

TABLE OF AUTHORITIES .................................................... iii

STATEMENT OF RELATED CASES .................................. vii

STATEMENT OF ISSUES ......................................................1

STATEMENT OF THE CASE...................................................3

STATEMENT OF THE FACTS AND SUMMARY OF THE ARGUMENT .........4

ARGUMENT ........................................................................11

    I. The District Court Correctly Applied the Law of the Tenth Circuit in Finding that it Lacked Personal Jurisdiction over Mass Engineered and Mr. Moscovitch with Respect to SpaceCo's Tort Claims. .......................................................11

    II. SpaceCo's Argument Regarding its Abuse of Process Claim Was Not Made in the District Court.  Further, the Jurisdictional Facts Alleged in SpaceCo's Appellate Brief were not Proven – in Fact They Were Not Even Alleged – in the District Court, Nor is there any Evidence of them in the Record on Appeal, and thus SpaceCo's Argument is Waived and Factually Unsupported. Irrespective, the District Court Correctly Applied the Law of the Tenth Circuit to the Facts in Finding that it Lacked Personal Jurisdiction over Mass Engineered and Mr. Moscovitch with Respect to SpaceCo's Abuse of Process Claim. .......................................................................25

CONCLUSION AND STATEMENT OF RELIEF SOUGHT ...............................32

CERTIFICATE OF SERVICE .................................................33

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPE-FACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS ........34

# TABLE OF AUTHORITIES

## CASES

*Allred v. Moore & Peterson*,
117 F.3d 278 (5th Cir. 1997) ............................................ 7, 8, 13, 14, 15, 19, 21

*Amax Potash Corp. v. Trans–Resources, Inc.*,
817 P.2d 598 (Colo.Ct.App.1991) ....................................................................17

*Anaconda Minerals Co. v. Stoller Chem. Co.*,
990 F.2d 1175, 1177 (10th Cir. 1993) .............................................................31

*Armijo v. Ex Cam, Inc.*,
843 F.2d 406 (10th Cir. 1988) ................................................................... 11, 31

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
566 F.3d 1012 (Fed. Cir. 2009) .......................................................................12

*Bancamerica Comm. Corp. v. Mosher Steel of Kan., Inc.*,
100 F.3d 792 (10th Cir.1996) ..................................................................... 20, 26

*Bellotti v. Baird*,
428 U.S. 132 (1976)...........................................................................................32

*Calder v. Jones*,
465 U.S. 783 (1984)..................................................................................... 6, 21

*CGC Holding Co., LLC v. Hutchens*,
824 F. Supp. 2d 1193 (D. Colo. 2011)........................................................ 22, 31

*Conoco, Inc. v. Energy & Envtl. Int'l, L.C.*,
460 F.3d 1349 (Fed. Cir. 2006) ................................................................. 20, 26

*Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*,
514 F.3d 1063 (10th Cir. 2008) ............. 6, 8, 9, 10, 17, 18, 19, 21, 22, 24, 25, 28

*Ecolab, Inc. v. FMC Corp.*,
569 F.3d 1335 (Fed. Cir. 2009) .......................................................................30

*Electronics For Imaging, Inc. v. Coyle,*
  340 F.3d 1344 (Fed. Cir. 2003) .................................................. 12, 31

*Far West Capital, Inc. v. Towne,*
  46 F.3d 1071 (1995).................................................. 8, 14, 15, 16

*GCI 1985–1 LTD. v. Murray Properties Partnership,*
  770 F.Supp. 585 (D.Colo.1991)..........................................17

*Golden Bridge Tech., Inc. v. Nokia, Inc.,*
  527 F.3d 1318 (Fed. Cir. 2008) .................................................. 20, 26

*Graymore, LLC v. Gray,*
  2007 U.S. Dist. LEXIS 25882 (D. Colo. Apr. 6, 2007) ....................................20

*Grynberg v. Ivanhoe Energy, Inc.,*
  490 Fed.Appx. 86 (10th Cir. 2012).......................................... 9, 21, 22

*Hanson v. Denckla,*
  357 U.S. 235 (1958)..........................................29

*Int'l Shoe Co. v. Washington,*
  326 U.S. 310 (1945)..........................................29

*Jenner & Block v. District Court,*
  197 Colo. 184, 590 P.2d 964 (Colo. 1979)..........................................23

*Kansas Judicial Review v. Stout,*
  519 F.3d 1107 (10th Cir. 2008) ..........................................31

*MHA Financial Corp. v. Varenko Investments Ltd.,*
  583 F. Supp. 2d 173 (D. Mass. 2008).................................... 10, 26, 27

*Midwest Mfg., Inc. v. Ausland,*
  47 Kan.App.2d 221 (Kan. App. 2012)..........................................28

*Miner v. Rubin & Fiorella, LLC,*
  242 F.Supp.2d 1043, 1047, 1050 (D.Utah 2003) ........................................ 10, 28

*Nazomi Communications, Inc. v. Arm Holdings, PLC*,
   403 F.3d 1364 (Fed. Cir. 2005) .........................................................30

*Pino v. United States*,
   507 F.3d 1233 (10th Cir. 2007) .......................................................31

*Quigley v. Rosenthal*,
   327 F.3d 1044 (10th Cir.2003) ................................................. 20, 26

*Ruggieri v. General Well Serv., Inc.*,
   535 F.Supp. 525 (D.Colo.1982).......................................................17

*Singleton v. Wulff*,
   428 U.S. 106, 120 (1976)................................................................20

*Taltech Ltd. v. Esquel Enterprises Ltd.*,
   604 F.3d 1324 (Fed. Cir. 2010) .......................................................29

*Tomlinson v. H&R Block, Inc.*,
   151 F. App'x 655 (10th Cir. 2005)........................................... 8, 15, 16

*Trierweiler v. Croxton & Trench Holding Corp.*,
   90 F.3d 1523 (10th Cir. 1996) ........................................................23

*Vishay Intertechnology, Inc. v. Delta Int'l Corp.*,
   696 F.2d 1062 (4th Cir. 1982) ............................................. 10, 26, 27

*Wallace v. Herron*,
   778 F.2d 391 (7th Cir. 1985), *cert. denied,* 106 S.Ct. 1642 (1986) .... 7, 8, 13, 14

*Wenz v. Memery Crystal*,
   55 F.3d 1503 (10th Cir. 1995) ........................................... 8, 16, 17, 20

*World-Wide Volkswagen v. Woodson*,
   444 U.S. 286 (1980)........................................................................23

**RULES**

Fed. R. App. P. 27 ................................................................................................ 30

Fed. Cir. R. 27 ..................................................................................................... 30

## STATEMENT OF RELATED CASES

Counsel knows of no other case pending in this Court or in any other court that may directly affect, or be directly affected by, the Court's decision in this appeal.

## STATEMENT OF ISSUES

1.  Whether the district court misapplied the law of the Tenth Circuit in finding that it lacked personal jurisdiction over Mass Engineered and Mr. Moscovitch with respect to SpaceCo's tort claims.

2.  Whether the district court failed to adequately analyze the facts allegedly supporting SpaceCo's abuse of process claim.

    a.  Whether SpaceCo can raise for the first time on appeal the contention that the "district court failed to adequately analyze the facts supporting SpaceCo's abuse of process claim" based upon alleged facts not asserted by SpaceCo in the district court.

    b.  Whether the "facts" that SpaceCo alleges were not adequately analyzed were raised by SpaceCo in the district court.

    c.  Whether there is any proof in the record of the alleged "facts" that SpaceCo alleges were not adequately analyzed.

3.  Whether this Court should certify this case to the Supreme Court of Colorado to issue a ruling upon Colorado law concerning SpaceCo's waived abuse of process arguments based upon alleged facts not contained in the record.

    a.  Whether SpaceCo has properly filed a motion so that "this Court might certify this case to the Supreme Court of Colorado to determine this issue of law."

b.  Whether SpaceCo's suggestion that "this Court might certify this case to the Supreme Court of Colorado to determine this issue of law" is waived because SpaceCo did not urge that relief in the district court.

c.  Whether SpaceCo's suggestion that "this Court might certify this case to the Supreme Court of Colorado to determine this issue of law" is inadequately briefed and thus should be disregarded or deemed waived.

d.  Assuming *arguendo* that a – c above are deemed inapplicable, whether this case should be certified to the Supreme Court of Colorado for a ruling on the reach of its long arm statute in view of the fact that Colorado's long arm statute is co-extensive with federal due process.

## STATEMENT OF THE CASE

On November 12, 2009, Mass Engineered Design Inc. and Mr. Moscovitch (collectively referred to hereinafter as "MASS") sued SpaceCo and other parties in Civil Action No. 2:09-cv-00358-JRG in the U.S. District Court for the Eastern District of Texas (the "Texas Lawsuit") for infringement of U.S. RE36,978 (the '978 patent).  SpaceCo counterclaimed.  On August 2, 2012, MASS, SpaceCo and other parties that remained in the Texas lawsuit stipulated to the dismissal, without prejudice, of its respective claims and counterclaims.

On the same day that the stipulation of dismissal was filed, SpaceCo filed the below action in the United States District Court for the District of Colorado.  On November 30, 2012, SpaceCo filed an amended complaint, which added tort claims for abuse of process and malicious prosecution based upon the Texas Lawsuit.  On January 31, 2013, MASS filed a motion to dismiss SpaceCo's complaint for lack of personal jurisdiction and improper venue.  Once the motion was fully briefed, in an order dated April 29, 2013, the district court found that it lacked personal jurisdiction over Mass Engineered Design Inc. and Mr. Moscovitch.  SpaceCo has appealed the judgment of dismissal.

## STATEMENT OF THE FACTS[1] AND SUMMARY OF THE ARGUMENT

Mr. Moscovitch, a resident of Toronto, Ontario, Canada and a prolific inventor, is the named inventor on the '978 patent, which relates to multi-monitor display systems. He is also the president of Mass Engineered Design Inc., which, aside from being the exclusive licensee of the '978 patent, has manufactured and sold display systems for many years. Mass Engineered Design Inc. is a Canadian corporation with its sole location in Toronto, Ontario, Canada. Mass Engineered Design Inc. has no offices or locations in the United States. On November 12, 2009, MASS sued SpaceCo and others in the Texas Lawsuit. Due in part to judicial retirements and vacancies which resulted in a clogged docket and case reassignments in the East Texas docket, the Texas Lawsuit languished for almost three years prior to being called for a scheduling conference. During much of that time, MASS gave multiple courtesy extensions to the defendants in that case, including SpaceCo, for varied reasons, including because the parties were engaged in good faith settlement negotiations and due to the lack of a scheduling conference on calendar. On August 2, 2012, MASS, SpaceCo and other parties that remained in the Texas lawsuit

---

[1] For reasons unclear, SpaceCo sees fit to rehash its baseless allegations of malicious prosecution and abuse of process in its brief. Since the merits of SpaceCo's baseless claims (e.g., MASS's alleged improper motives in filing suit, etc.) are not at issue on this appeal, and since the merits of SpaceCo's baseless claims are irrelevant to the issue of personal jurisdiction, MASS need not also waste this Court's time attempting to address or rebut such irrelevant and baseless alleged facts.

stipulated to the dismissal, without prejudice, of their respective claims and counterclaims. MASS is currently engaged in patent litigation against a plurality of those former defendants in the U.S. District Court for the Eastern District of Virginia.

SpaceCo filed this case in the U.S. District Court for the District of Colorado on August 2, 2012. The original complaint only requested declaratory relief relative to the '978 patent. When SpaceCo realized that the District of Colorado lacked personal jurisdiction over MASS, on November 30, 2012, SpaceCo filed an amended complaint, which added tort claims for abuse of process and malicious prosecution based upon the Texas Lawsuit, in an ill-fated attempt to grasp at personal jurisdiction in Colorado. The only jurisdictional allegations in SpaceCo's Amended Complaint relative to its abuse of process and malicious prosecution claims were in paragraph 15 thereof, as follows:

> 15. With respect to the Abuse of Process and Malicious Prosecution claims, this Court has personal jurisdiction over both of the Defendants because the Defendants have intentionally committed, or aided, abetted, actively induced, contributed to, or participated in the commission of tortious acts in another jurisdiction that were expressly aimed at Colorado, with knowledge that the brunt of the injury would be felt in Colorado and which led to foreseeable harm and injury to SpaceCo, a resident of Colorado. Under the circumstances, the Defendants must "reasonably anticipate being haled into court" in Colorado to answer for their tortious acts against a Colorado resident.

JA091.

On January 31, 2013, MASS filed a motion to dismiss SpaceCo's complaint for lack of personal jurisdiction and improper venue. SpaceCo responded to the motion on February 21, 2013, and Mass Engineered and Mr. Moscovitch filed a reply on March 7, 2013.

On April 29, 2013, the district court issued an order finding that it lacked personal jurisdiction over both Mass Engineered and Mr. Moscovitch. SpaceCo's brief only challenges the district court's ruling that it lacked specific jurisdiction over MASS relative to SpaceCo's claims for abuse of process and malicious prosecution. As to that issue, the district court summed up SpaceCo's position as follows:

> The plaintiff argues that this Court has specific jurisdiction over Mass and Mr. Moscovitch for the abuse of process and malicious prosecution claims because by bringing suit against SpaceCo in Texas, they engaged in an intentional action aimed at a Colorado resident, knowing that the brunt of the injury would be felt in Colorado. To support its argument, SpaceCo relies on *Calder v. Jones*, 465 U.S. 783 (1984) and *Dudnikov, supra*.

The district court then provided a detailed and well-reasoned analysis of SpaceCo's jurisdictional theory vis-à-vis *Calder* and *Dudnikov*, and in consideration of numerous other pertinent cases. *See Calder v. Jones,* 465 U.S. 783 (1984); *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.,* 514 F.3d 1063 (10th Cir. 2008). In connection with this analysis, the district court made findings and conclusions including the following:

… the injury sustained by SpaceCo as a result of what I will assume for this purpose was Mass and Moscovitch's abuse of process and malicious prosecution which occurred in Texas, i.e., SpaceCo was forced to defend against the suit in Texas…

The fact that litigation costs attendant to the Texas litigation might have been paid out of SpaceCo's home office in Colorado is an incidental consequence of an injury that occurred in Texas …

In short, this Court holds that the naming of SpaceCo as a defendant in a Texas lawsuit, during which Mass and Moscovitch allegedly abused the legal process and engaged in malicious prosecution, is insufficient to establish that Mass and Moscovitch have the required minimum contacts with Colorado such that being haled into court in Colorado would not offend traditional notions of fair play and substantial justice.

The district court correctly applied the law of the Tenth Circuit in finding that it lacked personal jurisdiction over MASS with respect to SpaceCo's tort claims. Indeed, the alleged injury sustained by SpaceCo as a result of the alleged abuse of process and malicious prosecution which occurred in Texas was that SpaceCo was forced to defend against the suit in Texas. *See Allred v. Moore & Peterson*, 117 F.3d 278, 283 (5th Cir. 1997) (the injury suffered in a malicious prosecution tort is the institution of criminal or civil proceedings where the institution ought not to have occurred).

The *Wallace* case relied upon by the district court is directly on point. *See* Wallace *v. Herron*, 778 F.2d 391, 394-395 (7th Cir. 1985), *cert. denied,* 475 U.S. 1122, 106 S.Ct. 1642, 90 L.Ed.2d 187 (1986) . In *Wallace,* the Seventh Circuit held that California attorneys who maliciously prosecuted a civil action in California against an Indiana resident were not thereby rendered subject to personal jurisdiction

in Indiana. *Id.* Following the reasoning of *Wallace*, in *Far West Capital*, the Tenth Circuit held that the mere allegation that an out-of state defendant tortiously harms forum resident "does not necessarily establish that the defendant possesses the constitutionally required minimum contacts." *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1079 (1995) . The Fifth Circuit has also properly held that allegations of malicious prosecution and abuse of process do not create personal jurisdiction over a defendant whose sole tie to the jurisdiction was through the service of process on the plaintiff in the earlier lawsuit. *Allred*, 117 F.3d at 278. The district court also correctly cited multiple Tenth Circuit cases on point that an alleged injury, even an allegedly intentional injury, of a forum resident does not give rise to personal jurisdiction over a foreign defendant. *See* citations to *Tomlinson* and *Wenz infra.*

As the district court correctly held, SpaceCo's reliance on the *Dudnikov* case is misplaced. *See Dudnikov*, 514 F.3d 1063. The district court properly held that the injury suffered by the plaintiffs in *Calder* and *Dudnikov* occurred in the state where the underlying case was filed. Thus, the district court properly distinguished the instant case because the injury sustained by SpaceCo as a result of the alleged abuse of process and malicious prosecution "occurred in Texas," *i.e.*, SpaceCo was forced to defend against the suit in Texas. *See Allred,* 117 F.3d at 283. The district court also properly found that "[t]he fact that litigation costs attendant to the Texas

litigation might have been paid out of SpaceCo's home office in Colorado is an incidental consequence of an injury that occurred in Texas."

As to the "expressly aimed" element of the *Calder* test, the Tenth Circuit has held the 'express aiming test focuses more on a defendant's intentions—where was the 'focal point' of its purposive efforts— as opposed to the consequences of the defendant's actions—where was the alleged harm actually felt by the plaintiff. *Grynberg v. Ivanhoe Energy, Inc.,* 490 Fed.Appx. 86, 97, 2012 WL 2855777, *8 (10th Cir. 2012); *Dudnikov*, 514 F.3d at 1075.  Although some courts have held that the expressly aimed portion of *Calder* is satisfied when the defendant "individually targets a known forum resident," the Tenth Circuit has a more restrictive approach, holding that the forum state itself must be the "focal point of the tort."  *Grynberg,* 490 Fed.Appx. at 97; *Dudnikov*, 514 F.3d at 1075.  SpaceCo did not show in its district court briefing or in its appellate brief, nor could SpaceCo possibly show, that Colorado is somehow the "focal point of the torts" allegedly arising from MASS's filing of a patent infringement suit in Texas.

SpaceCo's argument regarding its abuse of process claim was not made in the district court.  Further, the jurisdictional facts alleged in SpaceCo's appellate brief were not proven – in fact they were not even alleged – in the district court.  Nor is there any evidence of them in the record on appeal, and thus SpaceCo's abuse of process argument is waived and factually unsupported.

Irrespective, the district court correctly applied the law of the Tenth Circuit to the facts in finding that it lacked personal jurisdiction over MASS with respect to SpaceCo's abuse of process claim.

Further, SpaceCo's reliance upon the *Vishay* and *MHA Financial* cases is misplaced. *See Vishay Intertechnology, Inc. v. Delta Int'l Corp.*, 696 F.2d 1062, 1067 (4th Cir. 1982) ; *MHA Financial Corp. v. Varenko Investments Ltd.,* 583 F. Supp. 2d 173, 179 (D. Mass. 2008) . At a minimum, each of *Vishay* and *MHA Financial* requires that the allegedly abusive process was actually served in the forum in which the abuse of process claim is brought. *See Vishay,* 696 F.2d at 1067; *MHA Financial,* 583 F. Supp. 2d at 179. Further, neither *Vishay* nor *MHA Financial* has any *Calder* analysis nor does either case comply with the *Calder/Dudnikov* "purposefully directed" test. *See Dudnikov*, 514 F.3d at 1072. In *Miner*, the District of Utah correctly found that under Tenth Circuit law, neither service of process in Utah in the prior suit nor the law firm's business-related contacts with the Utah corporation established that the law firm had purposefully directed its activities at Utah. *Miner v. Rubin & Fiorella,* LLC, 242 F.Supp.2d 1043, 1047, 1050 (D.Utah 2003) . As noted by the *Miner* court, "the Tenth Circuit's analysis in *Far West* seems parallel to the decisions of the Fifth and Seventh Circuits [in *Allred* and *Wallace*]. The court will apply these Circuits' analysis here." *Id.*

SpaceCo alleges that a district court's failure to "properly" analyze its abuse of process claim is reversible error.  However, the district court reviewed and made findings relative to the only jurisdictional facts that SpaceCo had alleged, and the district court provided a detailed, thoughtful analysis of the law that clearly sets forth the basis for its reasoning and permits meaningful appellate scrutiny.

Finally, with no meaningful reasoning, analysis, or facts, SpaceCo asserts that unspecified questions should be certified to the Colorado Supreme Court.  However, certification would be inappropriate and unhelpful.  Because Colorado's long-arm statute is co-extensive with the limits of due process, SpaceCo would have this Court ask the Colorado Supreme Court for guidance on the requirements of constitutional due process, something which makes no sense.  Further, the Tenth Circuit has held that certification should not be routinely invoked.  *Armijo v. Ex Cam, Inc.*, 843 F.2d 406, 407 (10th Cir. 1988).  None of the relevant considerations justify, much less favor, certification of any questions to the Colorado Supreme Court.

## ARGUMENT

I.     **The District Court Correctly Applied the Law of the Tenth Circuit in Finding that it Lacked Personal Jurisdiction over Mass Engineered and Mr. Moscovitch with Respect to SpaceCo's Tort Claims.**

The parties agree that 10th Circuit law is applicable to SpaceCo's claims for malicious prosecution and abuse of process brought under Colorado state law. Claims, such as SpaceCo's tort claims, that are brought in the same action but are

not "intimately involved with the substance of the patent laws" are governed by the law of the regional circuit. *Electronics For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1348 (Fed. Cir. 2003).

However, as noted by the district court, the basic jurisdictional principles are the same. The Federal Circuit, like the Tenth Circuit, is guided by the forum state's long-arm statute and due process. *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009). Likewise, the Federal Circuit considers both specific jurisdiction and general jurisdiction. *Id.*

As to specific jurisdiction concerning SpaceCo's state law tort claims – the only issue on appeal – the district correctly summarized the jurisdictional arguments made in SpaceCo's complaint – specifically paragraph 15 thereof – as follows:

> The plaintiff argues that this Court has specific jurisdiction over Mass and Mr. Moscovitch for the abuse of process and malicious prosecution claims because by bringing suit against SpaceCo in Texas, they engaged in an intentional action aimed at a Colorado resident, knowing that the brunt of the injury would be felt in Colorado. … However, the injury sustained by SpaceCo as a result of what I will assume for this purpose was Mass and Moscovitch's abuse of process and malicious prosecution which occurred in Texas, i.e., SpaceCo was forced to defend against the suit in Texas… The fact that litigation costs attendant to the Texas litigation might have been paid out of SpaceCo's home office in Colorado is an incidental consequence of an injury that occurred in Texas…

JA007 – 10. Indeed, the alleged injury sustained by SpaceCo as a result of the alleged abuse of process and malicious prosecution which occurred in Texas was that SpaceCo was forced to defend against the suit *in Texas*. *See Allred,* 117 F.3d at

283 (the injury suffered in a malicious prosecution tort is the institution of criminal or civil proceedings where the institution ought not to have occurred).

The *Wallace* case relied upon by the district court is directly on point. *See Wallace,* 778 F.2d at 394-395. In *Wallac*e, an Indiana resident sued three California lawyers in Indiana for malicious prosecution. *Id*. The Seventh Circuit held that California attorneys who maliciously prosecuted a civil action in California against an Indiana resident were not thereby rendered subject to personal jurisdiction in Indiana. *Id*. The California lawyers had previously sued Wallace in Indiana. *Id*. In the prior lawsuit, the California lawyers had conducted discovery and caused Wallace to respond to five complaints in Indiana. *Id*. The court found that Indiana did not have personal jurisdiction over the California lawyers. *Id*. The *Wallace* court stated that "it would be unreasonable to require the defendants to appear in Indiana to defend this suit on the basis of such attenuated contacts." *Id*. at 394.

The *Wallace* court also properly rejected a broad construction of *Calde*r. The court concluded that the holding in *Calder* did not stand for the proposition that any plaintiff may hale any defendant into court in the plaintiff's home state as long as the defendant has committed an intentional tort against the plaintiff. *Id*. at 394. The *Walla*ce court pointed out that in *Calder*, both the allegedly libelous story and the resulting harm were tied to California. *Id*. The *Wallace* court noted that its situation was distinguishable because the California attorneys' only contact with Indiana was

through service of process and other attenuated actions. *Id.* Accordingly, the Seventh Circuit held that the California attorneys took no actions that would create the necessary connection with Indiana for them to reasonably anticipate being haled into court there. *Id.* at 394–95.

Following the reasoning of *Wallace*, in *Far West Capital*, the Tenth Circuit held that the mere allegation that an out-of-state defendant tortiously harms a forum resident "does not necessarily establish that the defendant possesses the constitutionally required minimum contacts." *Far West Capital,* 46 F.3d at 1079. The allegation would only satisfy part one of the above three-part inquiry. The Tenth Circuit further held that, "in order to resolve the jurisdictional puzzle, a court must undertake a particularized inquiry as to the extent to which the defendant has purposefully availed itself of the forum's laws." *Id.* Here, there are no facts to support any reasonable argument that MASS purposely availed itself of Colorado's laws by filing a patent infringement suit in Texas.

The Fifth Circuit has also properly held that allegations of malicious prosecution and abuse of process do not create personal jurisdiction over a defendant whose sole tie to the jurisdiction was through the service of process on the plaintiff in the earlier lawsuit. *Allred*, 117 F.3d at 278.[2] In *Allred*, the Fifth Circuit correctly

---

[2] Appellant argues that *Allred* is inapplicable because it depended upon Mississippi's long arm statute. That is incorrect. The *Allred* court explicitly held that, "[e]ven were we to accept Allred's arguments concerning the operation of the Mississippi

held that the injury suffered in a malicious prosecution tort is the institution of criminal or civil proceedings where the institution ought not to have occurred. *Id.* at 283. The *Allred* court reasoned that even if there were damages and injury from these particular torts felt in the forum state, Mississippi, the requirements of due process prevent a Mississippi court from exercising jurisdiction. *Id*. at 285–87. Further, the Fifth Circuit properly held that *Calder*'s "effects test is not a substitute for a nonresident's minimum contacts that demonstrate purposeful availment of the benefits of the forum state." *Id.* at 286.

The district court correctly cited multiple Tenth Circuit cases holding that an alleged injury, even an allegedly intentional injury, of a forum resident does not give rise to personal jurisdiction over a foreign defendant. *See Tomlinson v. H&R Block, Inc.*, 151 F. App'x 655, 658 (10th Cir. 2005) ("But the mere allegation that a nonresident defendant tortuously injured a forum resident does not necessarily establish sufficient minimum contacts to confer personal jurisdiction on the forum."); *Far West Capital*, 46 F.3d at 1080 ("Although FWC argues that it suffered

---

long-arm statute, we are nevertheless convinced that the exercise of personal jurisdiction by the district court in Mississippi would violate due process." *Allred*, 117 F.3d at 285. As noted by the Fifth Circuit, the effects test is not a substitute for a nonresident's minimum contacts that demonstrate purposeful availment of the benefits of the forum state… Any 'effects' in this case are essentially the effects of being sued in the Louisiana case…" *Id.* at 287. Further, the Fifth Circuit held that the Seventh Circuit's ruling in the *Wallace* case was "factually indistinguishable" from Allred's situation. *Id.*

the financial effects of these alleged torts in Utah where it is incorporated, we hold that under *Calder* and its progeny, the defendants' contacts with Utah are insufficient to establish personal jurisdiction in this case.");[3] *Wenz v. Memory Crystal*, 55 F.3d 1503, 1508 (10th Cir. 1995) ("That Wenz may be economically impacted in Colorado, simply because he lives there, is insufficient to establish personal jurisdiction under subsection (1)(b) of the Colorado long-arm statute").

SpaceCo's attempt to distinguish *Wenz* fails. SpaceCo alleges that its case, unlike *Wenz,* involves economic harm to the plaintiff in the forum state. However, SpaceCo's reading of *Wenz* is entirely wrong. The *Wenz* case involved a London law firm's alleged unauthorized disbursals of funds belonging to a Colorado resident. As noted by the Tenth Circuit,

> Accepting Wenz's allegations as true, the unauthorized disbursals occurred in London and were from a London account, not a Colorado account. Accordingly, the loss or injury occurred in London where the account was located, not in Colorado … That Wenz may be economically impacted in Colorado, simply because he lives there, is

---

[3] SpaceCo erroneously argues that the Tenth Circuit's decisions in *Tomlinson* and *Far West Capital* should be "discount[ed]" because they are "based on Oklahoma and Utah law respectively." However, the *Tomlinson* decision is based upon federal due process law. As noted therein, "Oklahoma's long arm statute is coextensive with the constitutional limitations imposed by the Due Process Clause. Therefore, if jurisdiction is consistent with the Due Process Clause, Oklahoma's long arm statute authorizes jurisdiction over a nonresident defendant." *Tomlinson*, 151 F. App'x at 658. Likewise, in the *Far West Capital* case, the Tenth Circuit's holding was that "[b]ecause FWC's claim does not meet constitutional due process requirements, we do not discuss the Utah statute." *Far West Capital,* 46 F.3d at 1080. Both *Tomlinson* and *Far West Capital* involve a proper federal due process analysis, and SpaceCo's attempts to distinguish them are mistaken.

insufficient to establish personal jurisdiction under subsection (1)(b) of
the Colorado long-arm statute.

*Wenz*, 55 F.3d at 1508.   Also in *Wenz*, the Tenth Circuit relied upon multiple

Colorado court decisions which support the lack of personal jurisdiction over MASS.

*Id*.   *See Amax Potash Corp. v. Trans–Resources, Inc.,* 817 P.2d 598, 600

(Colo.Ct.App.1991) (where both conduct and injury occur out of state, fact that

plaintiff lives in Colorado and suffers economic consequences in Colorado is

insufficient to confer personal jurisdiction); *GCI 1985–1 LTD. v. Murray Properties

Partnership*, 770 F.Supp. 585, 589–90 (D.Colo.1991) (where plaintiff alleged

economic injury resulting from defendant's tortious conduct in North Carolina, court

responded, "the lost revenue ... injured GCI in Colorado only as a result of the

fortuitous circumstance that GCI maintained its headquarters in Colorado," and

concluded personal jurisdiction in Colorado not proper); *Ruggieri v. General Well

Serv., Inc.*, 535 F.Supp. 525, 536 (D.Colo.1982) (concluding personal jurisdiction in

Colorado on conversion claim not proper where all of defendants actions were in

Montana).   As noted by the Tenth Circuit in *Wenz*, "the fact that plaintiff resides in

Colorado and experiences some economic consequences here is insufficient to

confer jurisdiction on a Colorado court."   *Wenz*, 55 F.3d at 1508.

As the district court correctly held, SpaceCo's reliance on the *Dudnikov* case

is misplaced.   *See Dudnikov*, 514 F.3d at 1063.   In *Dudnikov*, the plaintiffs sold

fabrics from their home in Colorado through an eBay auction site.   *Id*.   Two of their

prints featured images that were a play on images by the artist Erté. *Id.* Defendants, a British company that owned the rights to the Erté images and its Delaware agent, complained to eBay and also threatened to sue the plaintiffs. *Id.* Under eBay's Verified Rights Owner program, eBay automatically terminates an auction when it receives a notice of claimed infringement, and if the complaint goes unresolved, it can lead to suspension of the seller's account. *Id.* In response to defendants' complaint, eBay cancelled plaintiff's auction. *Id.* The plaintiffs told the defendants that they would stop selling the offending fabric and expressed concern that, because they made their living on eBay, their business could go under if defendants persisted. *Id.* Nevertheless the defendants still refused to withdraw their eBay complaint, so plaintiffs notified eBay that they were contesting defendants' claim, and they filed a *pro se* complaint in federal court in Colorado seeking a declaration that their prints did not infringe defendants' copyrights. *Id.*

In reversing the district court's dismissal of the case for lack of personal jurisdiction, the Tenth Circuit applied *Calder*'s purposeful direction analysis which requires at a minimum (1) an intentional action, (2) expressly aimed at the forum state, (3) with knowledge that the brunt of the injury would be felt in the forum state. *Id.* at 1072. Construing plaintiffs' allegations in their favor, the court found that the "purposeful direction test was met, because the defendants knew and intended that their filing of an infringement complaint with eBay would cause the cancellation of

plaintiffs' auction in Colorado. *Id.* at 1072-78. The eBay complaint and defendants' threat to sue plaintiffs caused the claimed injuries, namely, the cancellation of the auction and the black mark on their eBay record. *Id.* at 1079.

The district court properly held that the injury suffered by the plaintiffs in *Calder* and *Dudknikov* occurred in the forum state. Thus, the district court properly distinguished the instant case because the injury sustained by SpaceCo as a result of the alleged abuse of process and malicious prosecution "occurred in Texas," *i.e.*, SpaceCo was forced to defend against the suit *in Texas*. *See Allred*, 117 F.3d at 283 (the injury suffered in a malicious prosecution tort is the institution of criminal or civil proceedings where the institution ought not to have occurred). The district court also properly found that "[t]he fact that litigation costs attendant to the Texas litigation might have been paid out of SpaceCo's home office in Colorado is an incidental consequence of an injury that occurred in Texas."

In *Dudnikov*, the Tenth Circuit "distill[ed] *Calder* to its essence," as follows:

> Distilling *Calder* to its essence, we thus understand the Court to have found purposeful direction there because of the presence of (a) an intentional action (writing, editing, and publishing the article), that was (b) expressly aimed at the forum state (the article was about a California resident and her activities in California; likewise it was drawn from California sources and widely distributed in that state), with (c) knowledge that the brunt of the injury would be felt in the forum state (defendants knew Ms. Jones was in California and her career revolved around the entertainment industry there).

*Dudnikov*, 514 F.3d at 1072.

In its brief to this Court, SpaceCo alleges that the second element of the *Calder* test, the "expressly aimed" element, is met because the Texas lawsuit "can be fairly characterized as an intended means to the further intended end of extracting improper royalties from SpaceCo in Colorado." However, Appellant did not plead this as a jurisdictional fact in its Amended Complaint.[4] Moreover, Appellant did not make this argument to the district court. Thus, aside from the fact that this argument has no support in the record, it is waived.[5]

Moreover, even if the Texas Lawsuit was somehow, erroneously, found to be "intended means to the further intended end of extracting improper royalties from SpaceCo in Colorado," this would still not be sufficient for the "expressly aimed"

---

[4] It is universally held that in pleading facts related to jurisdiction, only well pled acts, as opposed to mere conclusory allegations, must be accepted as true. *See, e.g., Graymore, LLC v. Gray*, 2007 U.S. Dist. LEXIS 25882 (D. Colo. Apr. 6, 2007) (citing *Wenz v. Memory Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995)).

[5] Arguments that were not raised below are "waived for purposes of appeal." *Quigley v. Rosenthal*, 327 F.3d 1044, 1069 (10th Cir.2003). This rule applies when a "litigant changes to a new theory on appeal that falls under the same general category as an argument presented at trial or presents a theory that was discussed in a vague and ambiguous way." *Bancamerica Comm. Corp. v. Mosher Steel of Kan., Inc.*, 100 F.3d 792, 798–99 (10th Cir.1996). Likewise, in the Federal Circuit, the general rule is "that a federal appellate court does not consider an issue not passed upon below." *Golden Bridge Tech., Inc. v. Nokia, Inc.*, 527 F.3d 1318, 1322 (Fed. Cir. 2008) (quoting *Singleton v. Wulff*, 428 U.S. 106, 120 (1976)). "'[P]rudential considerations' articulated by the Supreme Court counsel against hearing new arguments for the first time on appeal absent limited circumstances." *Id.* at 1323. Moreover, waiver is not limited to questions of fact. *Conoco, Inc. v. Energy & Envtl. Int'l, L.C.*, 460 F.3d 1349, 1358 (Fed. Cir. 2006) ("[L]egal issues in patent infringement suits are not immune to the doctrine of waiver on appeal. . . .").

element."  No case cited by Appellant, certainly not *Dudnikov*, supports the erroneous proposition that filing a lawsuit in a foreign jurisdiction, even for an alleged improper purpose of extracting an improper settlement, meets the "expressly aimed" element of *Calder*.  In *Calder*, the defendants' actions were expressly aimed at California because the article was about a California resident and her activities in California, it was drawn from California sources and it was widely distributed in California.[6]  *Calder*, 465 U.S. at 783.  In *Dudnikov*, the filing of a notice of claimed infringement ("NOCI") was held to be "an intended means to the further intended end of cancelling plaintiffs' auction in Colorado."  *Dudnikov*, 514 F.3d at 1075.

As to the "expressly aimed" element of the *Calder* test, the Tenth Circuit has held the 'express aiming test focuses more on a defendant's intentions—where was the 'focal point' of its purposive efforts— as opposed to the consequences of the defendant's actions—where was the alleged harm actually felt by the plaintiff. *Grynberg,* 490 Fed.Appx. at 97; *Dudnikov*, 514 F.3d at 1075.  Although some courts have held that the expressly aimed portion of *Calder* is satisfied when the defendant

---

[6] Further, *Calder* is unique in that it is a defamation case.  As noted by the Fifth Circuit when rejecting essentially the same arguments being made by SpaceCo, "[w]e are not persuaded that the defamation cases present an appropriate line of precedent" for malicious prosecution and abuse of process cases.  *Allred*, 117 F.3d at 286.  This is because, in defamation cases, the allegedly tortious acts—the publication of defamatory statements—were expressly aimed at the forum state and the nonresident defendants knew that their acts would have an impact on the plaintiff in the forum state.  *Id.*

"individually targets a known forum resident,"[7] the Tenth Circuit takes a more restrictive approach, holding that the forum state itself must be the "focal point of the tort." *Grynberg,* 490 Fed.Appx. at 97; *Dudnikov*, 514 F.3d at 1075. In doing so, the Tenth Circuit declined to follow broader interpretations of *Calder*, such as that found in *Bancroft & Masters, Inc. v. Augusta Nat'l Inc*., a case SpaceCo argues should guide this appeal despite the irreconcilable differences between the two court's applications of the *Calder* effects test. SpaceCo did not show in its district court briefing or in its appellate brief, nor could SpaceCo possibly show, that Colorado is somehow the "focal point of the torts" allegedly arising from MASS's filing of a patent infringement suit in Texas. Rather, SpaceCo incorrectly relies upon the 9th Circuit's formulation of the "express aiming" test, something that the Tenth Circuit has squarely rejected.

Appellant suggests that resolution of these personal jurisdiction issues is a matter of Colorado law. However, because Colorado's long-arm statute is co-extensive with the limits of due process, the relevant inquiry is whether the exercise of personal jurisdiction would comport with due process. *See CGC Holding Co., LLC v. Hutchens*, 824 F. Supp. 2d 1193, 1197-1198 (D. Colo. 2011) (recognizing that Colorado's long arm statute is "intended to extend the jurisdiction of Colorado

---

[7] *Dudnikov*, 514 F.3d at 1074 n. 9 (quoting *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.,* 223 F.3d 1082, 1087 (9th Cir.2000))

courts to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution.") (citing *Jenner & Block v. District Court*, 197 Colo. 184, 590 P.2d 964, 965 (Colo. 1979)).  As noted above, there are multiple Tenth Circuit due process cases – namely *Tomlinson, Far West Capital* and *Wenz* – and also the *Allred* and *Wallace* cases from the Fifth and Seventh Circuits, respectively, which indicate that the district court's holding is correct.

Further, the Tenth Circuit recognizes the long-standing premise that in order for specific jurisdiction to exist, "[t]here [must] be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1534 (10th Cir. 1996).  Here, SpaceCo can point to no evidence that MASS purposefully availed itself of the privilege of conducting activities within Colorado.  Rather, MASS purposely availed itself of the privilege of conducting activities in Texas.

Further, for proper exercise of personal jurisdiction, a defendant's contacts with the forum must be such that it is foreseeable that the defendant could "reasonably anticipate" being sued in the forum suit.  *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 297 (1980).  Here, SpaceCo can point to no evidence that it was foreseeable by MASS that it would reasonably anticipate being sued in Colorado over a patent infringement suit filed in Texas.

As the district court properly held, "the naming of SpaceCo as a defendant in a Texas lawsuit, during which Mass and Moscovitch allegedly abused the legal process and engaged in malicious prosecution, is insufficient to establish that Mass and Moscovitch have the required minimum contacts with Colorado such that being haled into court in Colorado would not offend traditional notions of fair play and substantial justice." JA010.

Without any meaningful analysis or citation to any legal authorities, SpaceCo alleges that *Calder*'s "purposeful direction" element is "easily made" because SpaceCo, a resident of Colorado, allegedly incurred unspecified expenses defending the Texas Lawsuit. However, as applied by the Tenth Circuit, *Calder*'s purposeful direction analysis requires at a minimum (1) an intentional action, (2) expressly aimed at the forum state, (3) with knowledge that the brunt of the injury would be felt in the forum state. *Dudnikov*, 514 F.3d at 1072. SpaceCo cannot point to any evidence in the record which show actions by MASS were expressly aimed at Colorado, nor can SpaceCo point to any facts in the record which show that MASS was aware that the brunt of the alleged injury would be felt in Colorado. The most that SpaceCo can colorably argue is that it was foreseeable that the brunt of the alleged harm would be felt in Colorado. However, SpaceCo has not identified any evidence of record establishing that MASS foresaw or should have foreseen that any alleged harm would be felt by SpaceCo in Colorado. Even if SpaceCo was able to

make such a showing, which it has not, under *Calder*, that is not enough. *See Dudnikov*, 514 F.3d at 1077 ("We surely agree that under Calder the mere foreseeability of causing an injury in the forum state is, standing alone, insufficient to warrant a state exercising its sovereignty over an out-of-state defendant.").

**II. SpaceCo's Argument Regarding its Abuse of Process Claim Was Not Made in the District Court. Further, the Jurisdictional Facts Alleged in SpaceCo's Appellate Brief were not Proven – in Fact They Were Not Even Alleged – in the District Court, Nor is there any Evidence of them in the Record on Appeal, and thus SpaceCo's Argument is Waived and Factually Unsupported. Irrespective, the District Court Correctly Applied the Law of the Tenth Circuit to the Facts in Finding that it Lacked Personal Jurisdiction over Mass Engineered and Mr. Moscovitch with Respect to SpaceCo's Abuse of Process Claim.**

SpaceCo alleges that the district court "failed to adequately analyze the facts" because "the act of service of process is the act that triggers personal jurisdiction in abuse of process cases." However, the district court analyzed all the facts that SpaceCo brought forth. The jurisdictional allegations relative to SpaceCo's abuse of process claim were made in paragraph 15 of SpaceCo's amended complaint, as follows:

> 15. With respect to the Abuse of Process and Malicious Prosecution claims, this Court has personal jurisdiction over both of the Defendants because the Defendants have intentionally committed, or aided, abetted, actively induced, contributed to, or participated in the commission of tortious acts in another jurisdiction that were expressly aimed at Colorado, with knowledge that the brunt of the injury would be felt in Colorado and which led to foreseeable harm and injury to SpaceCo, a resident of Colorado. Under the circumstances, the Defendants must "reasonably anticipate being haled into court" in Colorado to answer for their tortious acts against a Colorado resident.

JA091.  In its opinion, the district court appropriately summed up the facts relied upon by SpaceCo, as follows:

> The plaintiff argues that this Court has specific jurisdiction over Mass and Mr. Moscovitch for the abuse of process and malicious prosecution claims because by bringing suit against SpaceCo in Texas, they engaged in an intentional action aimed at a Colorado resident, knowing that the brunt of the injury would be felt in Colorado. To support its argument, SpaceCo relies on *Calder v. Jones*, 465 U.S. 783 (1984) and *Dudnikov, supra.*

JA007.

SpaceCo's argument regarding its abuse of process claim – namely that the actual service of process in California allegedly occurred and was itself sufficient to confer personal jurisdiction – was not made in the District Court, and the jurisdictional fact – *i.e.*, the service of process in Colorado – alleged in SpaceCo's appellate brief was not proven – in fact it had not even been alleged, and thus SpaceCo's argument is waived.[8]  Further, although SpaceCo did appear in the Texas Lawsuit, and from the fact of that appearance one could infer that SpaceCo might have been served with process in Colorado, there is no evidence in the appellate record that SpaceCo was actually served with process in Colorado.

SpaceCo's reliance upon the *Vishay* and *MHA Financial* cases is misplaced. *See Vishay*, 696 F.2d at 1067; *MHA Financial,* 583 F. Supp. 2d at 179.   At a

---

[8] *See, e.g.,* the *Quigly, Bancamerica*, *Golden* Bridge and *Conoco* cases cited in Footnote 5, *supra*.

minimum, each of *Vishay* and *MHA Financial* requires that the allegedly abusive process was actually served in the forum in which the abuse of process claim is brought. *See Vishay,* 696 F.2d at 1067; *MHA Financial,* 583 F. Supp. 2d at 179.  As an initial matter, because SpaceCo did not raise this argument in the district court, it is waived.  In addition, as noted above, SpaceCo can point to no evidence in the record that shows it was actually served with the allegedly abusive process in Colorado.

Further, the *Vishay* case is inapplicable because its jurisdictional facts involved significantly more than an abuse of process claim.  *See Vishay*, 696 F.2d 1062.  In particular, *Vishay* involved "claims against Delta for unfair business practices, interference with contractual relations, and abuse of process." *Id.* at 1065.  As noted by the *Vishay* court, "Delta's telephone and written communications with Vishay, which communications were essential to the unfair practices and contractual relations torts, were 'tortious conduct' within North Carolina, even though Delta physically remained in California," and Vishay had "claim[ed] that it suffered injury in North Carolina, including loss of potential profits and damage to its business reputation, by reason of the alleged misrepresentations by Delta that occurred in communications with Vishay and in communications with Vishay's customers." *Id.* at 1067.

Further, neither *Vishay* nor *MHA Financial* has any *Calder* analysis nor does either case comply with the *Calder/Dudnikov* "purposefully directed" test. *See Dudnikov*, 514 F.3d at 1072. As noted above, the *Allred* and *Wallace* cases, from the Fifth and Seventh, Circuits respectively, each reflect a proper *Calder/Dudnikov* analysis.

In *Miner*, the District of Utah correctly found that neither service of process in Utah in the prior suit nor the law firm's business-related contacts with the Utah corporation established that the law firm had purposefully directed its activities at Utah. *Miner*, 242 F.Supp.2d at 1047, 1050.[9] As noted by the *Miner* court, "the Tenth Circuit's analysis in *Far West* seems parallel to the decisions of the Fifth and Seventh Circuits [in *Allred* and *Wallace*]. The court will apply these Circuits' analysis here." *Id*. As correctly held by the *Miner* court, "Miner and Mansfield allege that personal jurisdiction exists over Rubin because they were served with process abusively and as a result of malicious prosecution. Such service, in and of itself, is an inadequate contact with the state of Utah to create specific jurisdiction in Utah over Rubin." *Id*. at 1050.

Due process requires that the defendant have "certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions

---

[9] *See also Midwest Mfg., Inc. v. Ausland*, 47 Kan.App.2d 221, 229, 273 P.3d 804, 811 (Kan. App. 2012) ("Simply obtaining service of process over Midwest in Kansas is not enough to create specific personal jurisdiction over the defendants.").

of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). At a minimum, the defendant must have done something purposefully to have availed itself of the privilege of conducting activities in the forum state. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). As the District Court properly observed,

> By SpaceCo's reasoning, when Mass and Moscovitch sued 30 defendants in Texas, they exposed themselves to being sued by those defendants in each of their home states, regardless whether Mass and Moscovitch ever had had any contact with that home state. Taking this reasoning a step further, anytime a plaintiff files a suit in a jurisdiction other than the defendant's principal place of business, at least where the defendant accuses him of an abuse of process or malicious prosecution, he renders himself vulnerable to being sued by the defendant in the defendant's home state, again regardless of whether the plaintiff turned defendant has had any other contacts with that state. SpaceCo has not provided any authority that interprets *Calder* that broadly.

JA010. Exposing MASS to suit in Colorado (and many other states), simply because it filed a suit in Texas against a Colorado company (and many other companies) would be unfair, unforeseeable, and it would offend traditional notions of fair play and substantial justice. Further, it cannot be said that MASS purposefully availed itself of the privilege of conducting activities in Colorado (or other states) by filing a federal patent infringement suit in Texas.

Citing *Taltech* and *Ecolab*, SpaceCo alleges that a district court's failure to "properly" analyze a claim is reversible error. However, neither case is on point. *See Taltech Ltd. v. Esquel Enterprises Ltd.*, 604 F.3d 1324 (Fed. Cir. 2010); *Ecolab*,

*Inc. v. FMC Corp.*, 569 F.3d 1335 (Fed. Cir. 2009). In order for this Court to perform an appellate review, , it must be furnished with "sufficient findings and reasoning to permit meaningful appellate scrutiny" and the district court must "supply the basis for its reasoning sufficient for a meaningful review." *See Nazomi Communications, Inc. v. Arm Holdings, PLC*, 403 F.3d 1364, 1371 (Fed. Cir. 2005). In the present case, the district court reviewed and made findings relative to the only jurisdictional facts that SpaceCo had alleged, and the district court provided a detailed, thoughtful analysis of the law that clearly sets forth the basis for its reasoning and permits meaningful appellate scrutiny.

Finally, with no meaningful reasoning or analysis,[10] SpaceCo asserts that, "In a case such as this, where all of the above factors are present, it is appropriate to certify a question to the supreme court of the state whose laws are in question." In the first instance, SpaceCo waived such certification by failing to request that relief in the district court. *See* footnote 5, *supra.* Moreover, certification would be inappropriate and unhelpful. Because Colorado's long-arm statute is co-extensive with the limits of due process, the relevant inquiry is whether the exercise of personal jurisdiction would comport with due process. *See CGC Holding Co.*, 824 F. Supp.

---

[10] This Court would be justified in denying or declining to address SpaceCo's suggestion of certification due to inadequate briefing by SpaceCo. Further, SpaceCo has failed to bring a proper motion requesting certification, which also justifies denying any such relief. *See* Federal Circuit Rule 27 and Federal Rule of Appellate Procedure 27.

2d at 1197-1198.  Thus, SpaceCo would have this Court ask the Colorado Supreme Court for guidance on the requirements of constitutional due process, something which makes no sense.

Further, the Tenth Circuit[11] has held that certification should not be routinely invoked.  *Armijo*, 843 F.2d at 407 ("Certification is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law."). Other Tenth Circuit cases stand for a similar proposition. For example, in *Pino v. United States*, 507 F.3d 1233 (10th Cir. 2007), the Tenth Circuit declared that "we will not trouble our sister state courts every time an arguably unsettled question of state law comes across our desks.  When we see a reasonably clear and principled course, we will seek to follow it ourselves." *Id.* at 1236.

Thus, certification in the Tenth Circuit is appropriate only where the state law questions are both "unsettled and dispositive." *Anaconda Minerals Co. v. Stoller Chem. Co.*, 990 F.2d 1175 (10th Cir. 1993).  "Moreover, where statutory interpretation is at issue, the touchstone of our certification inquiry is whether the state statute is readily susceptible of an interpretation that 'would avoid or substantially modify the federal constitutional challenge to the statute.'" *Kansas Judicial Review v. Stout*, 519 F.3d 1107, 1119 (10th Cir. 2008) (quoting *Bellotti v.*

---

[11] As noted above, matters not "intimately involved with the substance of the patent laws" are governed by the law of the regional circuit. *Electronics For Imaging*, 340 F.3d at 1348.

*Baird*, 428 U.S. 132, 148 (1976)).  None of the relevant considerations justify, much less favor, certification of any questions to the Colorado Supreme Court.

## CONCLUSION AND STATEMENT OF RELIEF SOUGHT

Appellees MASS Engineered Design Inc. and Jerry Moscovitch respectfully requests that this Honorable Court affirm the order of the district court, dated April 29, 2013, granting Defendants-Appellees, Mass Engineered and Mr. Moscovitch's, motion to dismiss for lack of personal jurisdiction.

Respectfully submitted,

Dated: September 12, 2013          /s/ *John J. Edmonds*
                                   John J. Edmonds
                                   Stephen F. Schlather
                                   COLLINS, EDMONDS &
                                   POGORZELSKI, SCHLATHER &
                                   TOWER, PLLC
                                   1616 S. Voss Road, Suite 125
                                   Houston, Texas 77057
                                   Telephone: (281) 501-3425
                                   Facsimile: (832) 415-2535
                                   jedmonds@cepiplaw.com
                                   sschlather@cepiplaw.com

                                   Attorneys for Defendants-Appellees
                                   MASS Engineered Design Inc. and
                                   Jerry Moscovitch

# United States Court of Appeals
## for the Federal Circuit

*SPACECO BUSINESS SOLUTIONS, INC. V.*
*MASS ENGINEERED DESIGN INC. and JERRY MOSCOVITCH*, 2013-1432

## CERTIFICATE OF SERVICE

I, John J. Edmonds, being duly sworn according to law and being over the age of 18, upon my oath depose and say that:

On September 12, 2013, a copy of the foregoing Brief for Defendants-Appellees was filed electronically with the Clerk of the Court using the CM/ECF System, which will serve via electronic mail notice of such filing to all counsel registered as CM/ECF users.  Paper copies will also be mailed to all opposing counsel at the time paper copies are sent to the Court.

Upon acceptance by the Court of the electronically filed document, six paper copies will be filed with the Court via Federal Express within the time provided by the Court's rules.

Dated: September 12, 2013          /s/ *John J. Edmonds*
                                   John J. Edmonds

                                   COLLINS, EDMONDS &
                                   POGORZELSKI, SCHLATHER &
                                   TOWER, PLLC

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPE-FACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS**

1.    This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 28.1(e)(2)(A), because it contains 8,405 words, including footnotes, and excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii) and Federal Circuit Rule 32(b).

2.    This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6).  This brief has been prepared in a proportionally spaced typeface using Microsoft Word, in 14 Point Times New Roman.


 Dated: September 12, 2013            /s/ *John J. Edmonds*
                                     John J. Edmonds

                                     COLLINS, EDMONDS &
                                     POGORZELSKI, SCHLATHER &
                                     TOWER, PLLC